. SAMUEL KENISTON, administrator, vs. CHARLES MAYHEW
& others.

Dukes County.   March 25, 1897. — September 10, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Life Estate in Residue, with Power of Disposing of it during Life — Gift of
Savings Bank Books not Perfected — " Nearest of Kin " construed to mean
" Nearest Blood Relations."*

After giving by will a pecuniary legacy to her " husband's nearest relatives," a
testatrix provided, " Should my sister S. survive me I do give and bequeath to
her for her personal benefit during her lifetime all the remainder of my property
either in moneys, real estate, or personal property, and to be disposed of at her
discretion, at her decease to go to my nearest of kin." *Held,* that S. took a life
estate in the residue, real or personal, with the power of disposal during life,
but with no power of disposal by will, and that on her decease all not disposed
of passed to the nearest of kin of the testatrix; that the proceeds of real estate
sold by S. in her life time deposited in a savings bank in three accounts, one in
her own name, one in her name as trustee for A., and one in her name as trus-
tee for B., were a part of the estate of the testatrix, the evidence in the case of
the deposits in trust failing to show a perfected gift; and that the words " near-
est of kin " in the residuary clause meant " nearest blood relations," who were
to be determined as of the death of the testatrix and not as of the death of S.

BILL IN EQUITY, filed March 14, 1896, by the administrator
with the will annexed of the estate of Eliza M. Ripley, to obtain
the instructions of the court as to the construction of the will.
Hearing before *Barker*, J., who reported the case for the con-
sideration of this court, in substance as follows.

At the time of her death, on September 6, 1889, Eliza M.
Ripley was a widow without children, and of the age of sixty
years. Her heirs at law and next of kin were her three brothers,
Charles Mayhew, of Edgartown, Massachusetts, William E.
Mayhew and Henry H. Mayhew, both of San Francisco, Cali-
fornia; her sister, Mary W. Sprague, of Edgartown; and the
following nephews and niece: Sarah J. Eldridge and John L.
Mayhew, both of Cottage City, children of Joseph M. Mayhew,
a brother of the testatrix, who died before her will was made;
and Frank B. Norton, of San Francisco, California, a son of
Sarah Norton, a deceased sister of the testatrix, who had died
before the testatrix's will was made. When Mrs. Ripley, the

testatrix, made her will, and when she died, her three brothers and the sister above named as living at the time of her death, were her nearest relatives, but she had other heirs at law, as above stated. When the will was made, both the testatrix and her sister, Mary W. Sprague, were so old that the testatrix knew that neither of them could thereafter have children. Mary W. Sprague had a husband alive, with whom she did not usually live, and she had never had a child. The husband of Mrs. Sprague died after the death of the testatrix and before the death of Mrs. Sprague, which occurred on October 12, 1895, when she was sixty-two years of age. She died intestate.

After a pecuniary bequest to a church, the will provided as follows: " I also do give and bequeath to my husband's nearest relatives $1,000 (one thousand dollars) to be divided equally between them. Should my sister Mary W. Sprague survive me I do give and bequeath to her for her personal benefit during her lifetime all the remainder of my property either in moneys, real estate, or personal property, and to be disposed of at her discretion, at her decease to go to my nearest of kin."

Mrs. Ripley left several pieces of land, comprising a dwelling or homestead, worth about $2,000, and certain wharf property; also the furniture of the homestead, worth about $500. After the proof of her will, Mrs. Sprague entered into possession of the homestead, received the furniture from the administrator, and had possession of the wharf property. She used the homestead and furniture until her death, made no disposition of either in her lifetime, and died intestate. More than five years before her death, she sold the wharf property by a warranty deed for the sum of $3,000, which she deposited in the New Bedford Institution for Savings, on May 6, 1890, in three deposits of $1,000 each, — one in her own name, one in the name of Mary W. Sprague in trust for Charles Mayhew, and one in the name of Mary W. Sprague in trust for Nancy B. Mayhew. On April 10, 1895, the first mentioned deposit amounted with accrued interest to $1,227.91, and on that day Mrs. Sprague drew on the deposit on that account the sum of $500, leaving $727.91, upon which interest had since accrued. She drew nothing on account of either of the deposits except the $500. Beyond this, nothing was shown to indicate the purpose of putting one deposit in her

own name as trustee for Charles Mayhew, and one in her own name as trustee for Nancy B. Mayhew, and the parties agreed that the only act done by Mrs. Sprague indicating an intention to give the deposits to Charles and Nancy B. was the form of the deposit indicated by the' book.

After the death of Mrs. Sprague, the homestead and the furniture came back to the possession of the plaintiff as administrator with the will annexed. After the death of Mrs. Ripley and before the death of Mrs. Sprague, Henry H. Mayhew, their brother, died on November 28, 1891, intestate, leaving a widow, Georgie E. Mayhew, and children, Henry C. Mayhew, Joseph R. Mayhew, William W. Mayhew, and Lizzie Mayhew, all minors, and wards of Littleton C. Wimpenny, who was the special administrator of the estate of Henry H. Mayhew.

*C. G. M. Dunham*, for Charles and William E. Mayhew.

*B. T. Hillman*, for the administrator and heirs of Henry H. Mayhew.

*W. M. Butler*, for John L. Mayhew and Sarah J. Eldridge.

FIELD, C. J. In our opinion, Mrs. Sprague took under the residuary clause of the will of Mrs. Ripley a life estate for her personal benefit in all the residue of the property, real or personal, of Mrs. Ripley, with the power in Mrs. Sprague of disposing of it or any part of it at her discretion during her life, but with no power of disposing of it by will, and on her decease all of the property not disposed of by Mrs. Sprague in her lifetime passed to the nearest of kin of Mrs. Ripley. *Welsh* v. *Woodbury*, 144 Mass. 542. *Kent* v. *Morrison*, 153 Mass. 137.

The $3,000 received by Mrs. Sprague for the conveyance of the wharf property, so far as it can be identified, is subject to the provisions of the will unless it was disposed of by Mrs. Sprague in her lifetime. The two sums of $1,000 each, deposited in her name in the New Bedford Institution for Savings, one in trust for Charles Mayhew and the other in trust for Nancy B. Mayhew, cannot be considered as given to Charles Mayhew and Nancy B. Mayhew so as to have become their property, as the facts found by the justice who reported the case are insufficient to establish a completed gift. These deposits with the accumulated dividends, as well as what remains of the $1,000 deposited by Mrs. Sprague in her own name and not in trust, with the

accumulated dividends, are a part of the estate of Mrs. Ripley. *Sherman* v. *New Bedford Five Cents Savings Bank*, 138 Mass. 581. The words "nearest of kin" in the residuary clause mean nearest blood relations. *Swasey* v. *Jaques*, 144 Mass. 135. This construction is confirmed by the testatrix's use of the words "husband's nearest relatives," in the preceding clause. We think that these nearest of kin should be determined as of the death of the testatrix, and not as of the death of Mrs. Sprague. The power of disposition given to Mrs. Sprague did not enlarge her interest in the property beyond that of a life estate, and Mrs. Sprague is not the sole next of kin. *Abbott* v. *Bradstreet*, 3 Allen, 587. *Minot* v. *Tappan*, 122 Mass. 535. *Fargo* v. *Miller*, 150 Mass. 225.

The nearest of kin are therefore the brothers of the testatrix; namely, Charles Mayhew, William E. Mayhew, and Henry H. Mayhew, and her sister, Mrs. Sprague. Henry H. Mayhew and Mrs. Sprague have deceased intestate since the death of the testatrix, but the shares of each belong to his or her estate. The real property descends to his or her heirs, and the personal property is to be paid to the administrator of his or her estate. It appears that Littleton C. Wimpenny is special administrator of the estate of Henry H. Mayhew. The husband of Mrs. Sprague died after the death of the testatrix and before the death of Mrs. Sprague, and Mrs. Sprague never had a child. It does not clearly appear that any administrator of Mrs. Sprague's estate has been appointed. The heirs and distributees of her estate appear to have been made parties, but properly an administrator of her estate should be appointed to receive her share of the personal property. The petitioner is entitled to instructions as to the meaning of the will, so far as the personal property is concerned, but it does not appear that he is charged with any duty as to the real property, although we have construed the will with reference to both real and personal property, as the same disposition is made of both.

*Decree accordingly.*