CHARLES I. WOOSTER v. CHRISTOPHER FITZGERALD ET AL.

C., by his will, made the following provision for his wife: "I order and direct that all my estate, real, personal and mixed, shall, during the life of my beloved wife, should she survive me, pass into her hands and be subject to her sole management and control, to keep and use, or sell and dispose of the same as she shall see fit. From and after the death of my wife, should she survive me, otherwise, from and after my death, all my estate, real personal and mixed, which shall then remain, I order and direct my executors or the survivor of them to dispose of as soon as conveniently may be thereafter, as follows," &c. *Held*, that the power of disposal created by this testamentary provision is one which must be exercised *inter vivos*, and that so much of the testator's estate as remains undisposed of at the wife's death becomes subject to the gift over.

This is an action of ejectment brought to recover the possession of certain lands in the county of Camden, of which one Benjamin D. Cooper died siezed. The case was tried by the court without a jury, and, by agreement of parties, the trial judge found the facts specially and referred it to this court for judgment as to whether, on the facts so found, the defendants or any of them are guilty as in the declaration charged.

Argued at November Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, GUMMERE and LUDLOW.

For the plaintiff, *John J. Crandall.*

For the defendants, *James Buchanan* and *William Moore.*

The opinion of the court was delivered by

GUMMERE, J. The following are the facts found by the trial judge in this case:

That Benjamin D. Cooper died siezed of the lands in controversy, having first made his last will, dated December 31st, 1881, by which he provided for his wife, Tacy Cooper, as follows:

"I order and direct that all my estate, real, personal and mixed, shall, during the life of my beloved wife, Tacy Cooper, should she survive me, pass into her hands, and be subject to her sole management and control, to keep and use, or sell and dispose of the same as she shall see fit, and my executors, hereinafter named, shall not, during said time, be responsible therefor. From and after the death of my wife, should she survive me, otherwise, from and after my death, all my estate, real, personal and mixed, which shall then remain, I order and direct my executors hereinafter named, or the survivor of them, to dispose of as soon as conveniently may be thereafter as follows," &c.

That upon the decease of her said husband, Tacy Cooper possessed herself of all the real and personal estate of which

he died seized, and demised, during her lifetime, the premises and real estate in the declaration set forth, to defendant Christopher Fitzgerald for the term of one year, who has held over under said tenure up to the time of the commencement of this suit.

That subsequently the said Tacy Cooper also died, having first made her last will, thereby giving and devising to the plaintiff all her property, real and personal, and appointing him the executor thereof.

That said Tacy Cooper never had any real estate, lands and tenements of her own, and died possessed of a small amount of personal property; and that after the probate of the will of Tacy Cooper, the plaintiff paid to certain of the legatees in remainder named in the will of Benjamin D. Cooper, the legacies given to them thereby, to the amount of $1,100.

That afterward the plaintiff, Charles I. Wooster, filed his bill of complaint in the Court of Chancery of this state against the defendants in this suit, for the purpose of compelling them to account for the personal estate of the said Benjamin D. Cooper which had come to their hands, and that such proceedings were thereupon had that, in the month of October, 1895, a decree was entered in said cause adjudging that said Tacy Cooper took only a life estate in her husband's personalty under his will and that, upon her death, so much thereof as had not been disposed of by her in her lifetime passed to the defendants, who were the legatees named in the will of said Benjamin D. Cooper, unaffected by the will of his widow.

That said decree was appealed from by the plaintiff in this suit to the Court of Errors and Appeals, and was there affirmed.

On these facts it is now argued before us, on behalf of the plaintiff, that, although the decision of the Court of Errors and Appeals settled, definitely and finally, the rights of these litigants in the personal estate of Benjamin D. Cooper, their rights in the lands of which he died seized have never been

judicially determined, and that the plaintiff is still entitled to litigate them in a court of law.

The ground upon which counsel rests his contention, as I understand it, is this: The Court of Errors and Appeals in deciding the equity suit (*Wooster* v. *Cooper*, 8 *Dick. Ch. Rep.* 682), used the following language: " The husband's will gives to his wife, by express words, a life estate in his property, and then annexes to it a power to dispose of the same without qualification or limitation. The rule that a devise of an estate generally, with a power to dispose of the same absolutely and without limitation, imports such dominion over the property that an estate in fee is created, and that a devise over is consequently void, has one exception which is this: that where the testator gives an estate for life only, by certain and express words, and annexes to it a power of disposal, the devisee for life will not take an estate in fee." The court did not discuss the question whether the will of Tacy Cooper was a valid execution of the power which was conferred upon her. Counsel, therefore, insists that the only thing which the Court of Errors and Appeals has decided is that Tacy Cooper was not given by her husband's will the absolute ownership of his estate, but merely a life interest therein coupled with a power to dispose of the same; and that the court has never considered or passed upon the question whether Tacy Cooper's will was a good and valid execution of her power of disposal.

Assuming it to be true as contended by counsel for the plaintiff that this latter question has never been decided, and still remains open for litigation between the parties, I am of opinion that the power was not one which could be executed by will.

We are told that the Court of Errors and Appeals decided otherwise in *Cooper* v. *Wooster*, *supra*, when it said that the will of the husband gave to the wife " a life estate in his property and then annexed to it a power to dispose of the same without qualification or limitation." I cannot adopt the view of counsel as to the meaning which is to be put

upon this expression contained in the opinion. What the court decided, as I understand the language quoted, was that the power annexed to the life estate authorized the donee thereof to dispose of the testator's property absolutely—that is, to vest in the person to whom she passed it an unqualified and unlimited estate; in other words, that the phrase "without qualification or limitation" is descriptive, not of the power, but of the estate to be passed by its execution.

The power of disposal, it seems to me, is one which must be exercised *inter vivos.* The provision of the husband's will, following the bequest to the wife, "from and after the death of my wife, all my estate *which shall then remain* I order and direct my executors to dispose of," &c., draws the line at the wife's death, so that what is remaining at that time becomes subject to the gift over. The plain intention of the testator is that if his wife has not disposed of all his estate *during her lifetime*—if any of it remains in her hands at her death—it shall go to the persons designated in his will. *Herring* v. *Barrow, L. R.,* 13 *Ch. Div.* 144.

But I cannot assent to the position taken by counsel, that the question whether Tacy Cooper, by her will, executed the power conferred upon her by her husband's will is still an open one between these parties. While it is true that this question was not discussed in the opinion of the Court of Errors and Appeals, it is equally true that there could not have been an affirmance by that court of the decree in Chancery unless it had considered that the will of Tacy Cooper did not constitute a valid execution of the power. The decree appealed from adjudged that, at her death, so much of her husband's estate as had not been disposed of by her in her lifetime went to the legatees named in her husband's will. If her will had constituted a valid execution of the power, that decree would have been erroneous and would necessarily have been reversed, because, in that event, the plaintiff herein, as her appointee, and not her husband's legatees, would have been entitled to the part of her husband's estate which she had not disposed of during her lifetime.

The highest court of the state having decided that Tacy Cooper took a life estate under her husband's will, and that the power of disposal vested in her thereby had not been exercised by her, these questions are no longer open for litigation by these parties.

On the facts found by the trial judge in this case, the defendants are entitled to judgment.