## PHILLIPS et al. v. JAMES et al.

1. The petition set forth a cause of action as against a general demurrer, and the special demurrers which were overruled were not well taken.
2. When the court of ordinary granted an order authorizing an administrator to sell realty which had been set apart as a homestead to the family of a decedent during his lifetime, it is to be presumed in favor of such a judgment that the court had before it evidence sufficient to authorize it to find that a sale of the property was necessary for the purpose of paying some debt which was superior to the homestead, and the judgment so rendered is binding upon all parties interested in the property who claim under the decedent, until it is reversed or set aside in the manner prescribed by law.

Submitted March 1,—Decided April 29, 1902.

Equitable petition. Before Judge Russell. Franklin superior court. March 27, 1901.

W. R. Little and J. B. Jones, for plaintiffs in error.

COBB, J. This was an action by Mrs. James in behalf of herself and her minor children, against Phillips and others, in which she sought to recover possession of a tract of land which it was alleged had been the property of her deceased husband, G. W. James, and had been set apart as a homestead during his lifetime for the benefit of herself and her minor children. The defendants were the administrator of the estate of G. W. James and the purchaser of the property in controversy at a sale had by the administrator and others claiming under such purchaser. The defendants filed demurrers both general and special. The general demurrer was overruled, and the special demurrers were sustained in part and overruled in part. The court directed a verdict in favor of the plaintiffs, and the defendants assign error upon the judgment overruling the demurrers and the judgment directing the verdict.

1. The special demurrers were directed against certain specified allegations in the petition, and all of these allegations were stricken except one which prayed for the cancellation of the administrator's deed and conveyances made by the purchaser to other defendants, and a part of another allegation which set forth that the administrator had put the purchaser in possession and deprived the plaintiffs of the use of the property in dispute. There is no cross-bill of exceptions complaining of the judgment sustaining the special demurrers, and there was no error in overruling the special demurrers in the particulars above referred to. After those portions of

the petition which were the subject of the special demurrers which were sustained had been stricken, the petition in substance alleged that the property had been set apart as a homestead to G. W. James during his lifetime; and that the administrator had sold the property illegally and without authority of law, and placed the purchaser in possession. It did not appear from the allegations of the petition that any order to sell had been granted by the ordinary. While it appeared that the sale was had in the manner prescribed by law, it did not appear that it was done after an order duly granted, and the petition in several places alleges that the sale was illegal and without authority of law. As against a general demurrer, the petition set forth a cause of action which would have authorized the recovery of the property in dispute and a cancellation of the conveyances above referred to. There was no error, therefore, in overruling the general demurrer.

2. At the trial it was admitted that an order to sell the property in controversy had been duly and formally granted by the ordinary. In the case of *Stuckey* v. *Watkins*, 112 *Ga.* 268, it was held that when the ordinary granted an order authorizing the sale of property of a decedent which had been set apart during his lifetime as a homestead for the benefit of his family, there was in favor of such a judgment a presumption, not only that there were debts due by the estate of the decedent, but that the property ordered to be sold, that is, the property which had been set apart as a homestead, was in law subject to the payment of at least a portion of these debts. It was in that case said: "When it appears that the property ordered to be sold has been, during the lifetime of the decedent, set apart to him as a homestead, there is a presumption that the ordinary passed the order authorizing the sale for the reason that it was made to appear to him that there were debts due by the deceased which were superior to the homestead right. The judgment so rendered is a judgment of a court of competent jurisdiction, and is binding upon all parties to the same and their privies until reversed or set aside in the manner prescribed by law." While a court of equity might set aside such a judgment for fraud or other good and sufficient reasons, until such an attack is made upon the judgment, either in the court of ordinary or in a court of equity, the judgment concludes all persons interested in the property who claim under the decedent. The judgment of the ordinary ordering the

sale of the property in the present case was not attacked in the petition. In fact, as has been stated above, it did not distinctly appear from the petition that any order of sale had been granted. If at the time the homestead was set apart to James he did not have title to the property, having made a deed to another to secure a debt and holding only a bond to reconvey upon payment of the debt, or if he held a bond for titles with a portion of the purchase-money paid, and died without paying the purchase-money or paying the debt secured by the deed, if that was the status of the property, then an administrator duly appointed on his estate would have authority to sell the property for the purpose of paying this debt, whether it was a purchase-money debt or a debt payment of which was secured by a deed. A homestead set apart at a time when he had only a bond for titles would be a good homestead as against all other persons than the holder of the legal title, and he would have a right to enforce his claim against the property either in the lifetime of the debtor or after his death, without regard to the homestead which had been set apart. While the administrator would have a right to procure an order for the sale of the property and to sell the same for the purpose of paying this debt, of course the proceeds of such sale, after the payment of such debt and any other debts due by the decedent which were superior to the homestead, and after paying the expenses of sale, should be held by the administrator as exempt from other debts due by the decedent, and application should be made by him to the proper court for leave to invest the same in property for the benefit of the beneficiaries of the homestead. If the property is put up for sale and bid off at a given amount, and the purchaser refuses to comply with his bid, as appears to have been true in the present case, and the administrator thereafter sells the same for a less amount than that at which the property was first bid off, he should bring a suit against the bidder at the first sale for the difference between his bid and the price at which the property was subsequently sold, the proceeds to be held by the administrator for the same purposes as the residue of the proceeds of the second sale are held, provided the debts superior to the homestead and the expenses of the sale have been all paid.

The judge erred in directing a verdict for the plaintiffs.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*