### HAGAN *v.* TOWNSEND *et al.*

When in a suit by a pilot for pilotage fees, against the owner of a vessel who has refused to accept the pilot's services, the allegations of the petition are sufficient to show that the pilot tendered his services under circumstances which would ordinarily require a vessel to accept the same, the petition is not defective merely because it fails to allege the character of the vessel, whether coastwise or foreign. If the vessel belongs to a class exempted by law from the payment of pilotage fees, this is matter of defense and should be set up by plea.

Submitted July 25, — Decided August 14, 1903.

Attachment. Before Judge Seabrook. McIntosh superior court. December 2, 1902.

*W. deR. Barclay* and *Walter G. Charlton,* for plaintiff.
*Garrard & Meldrim,* for defendants.

COBB, J. This was an action to recover pilotage fees. The plaintiff alleged that he was a regularly licensed pilot of the port of Darien, and that defendants were the owners of the schooner C. A. Buckly; that the plaintiff, while cruising and ready to render services as a pilot to any vessel bound to the above port, undertook to speak the schooner Buckly and offer his services to pilot her over Doboy bar; that the defendant Townsend, seeing plaintiff approaching with his pilot-boat, secured the aid of a tug-boat and was by it towed into Darien over Sapelo bar, notwithstanding the vessel should have gone in over Doboy bar. It was alleged that the

schooner "came under no exception allowed by law permitting her to dispense with pilotage." Plaintiff sues for the amount which would have been due him as inward and outward pilotage in the event his services had been accepted. The defendants filed a general demurrer, and also a special demurrer upon the ground that the petition did not allege whether the schooner was a foreign or coastwise vessel. The court overruled the general demurrer, and sustained the special demurrer; and the plaintiff having failed to amend after an opportunity to do so was given, the court dismissed the case. The plaintiff excepted.

The only question before us is whether the court erred in sustaining the special demurrer, there being no exception by the defendants to the judgment overruling their general demurrer, and the petition is to be treated in this court as setting forth a cause of action as against such a demurrer. For the purposes of this case, therefore, the plaintiff will be treated as having stated a cause of action and as being entitled to recover, unless his petition is defective for the want of an allegation as to the character of the vessel. See *Meissner* v. *Stein*, 72 *Ga.* 235. The general rule is that all vessels approaching the ports of this State are subject to pilotage, and are bound to accept the services of any licensed pilot who tenders the same. There are certain exceptions in the law, and one of them is that coastwise vessels are exempt from the payment of pilotage fees, both inward and outward, unless the pilot's services are tendered outside the bar. Political Code, § 1655, as amended by the act of 1901 (Acts 1901, p. 31). The character of a vessel, whether coastwise or foreign, is a fact that rests more peculiarly within the knowledge of those in charge of the vessel than of others. A pilot may be able to ascertain the character of the vessel, but the general rule being that all vessels are subject to pilotage fees, and exemption being the exception, if the allegations of a petition brought to recover pilotage fees bring the case within the general rule, that is, state that a vessel came into port after having refused the services of a pilot duly tendered, and show a state of facts from which liability to pay pilotage would generally arise, it is matter of defense if the vessel belongs to a class excepted from the general rule. The plaintiff was not required to anticipate such a defense by his allegations. See, in this connection, *Kitchens* v. *State*, 116 *Ga.* 847. If the vessel does

belong to a class exempted from the payment of pilotage fees, no recovery can be had against the defendants if a proper plea setting up this defense is filed and is supported by proof.    If the plaintiff had alleged that the vessel was a coastwise vessel, it might have been necessary for him to allege in addition that his services were tendered outside the bar; but it is not necessary to decide this question.

*Judgment reversed.    All the Justices concur.*