## COCHRAN *v.* GROOVER; *et vice versa.*

1. A testator bequeathed to his wife all his household furniture and all the "rents" of his personal property.  He devised to his wife all his real estate as long as she remained unmarried and his widow. He gave to his wife "the right in her own name to sell or dispose of" his property, either real or personal, as she might see proper; but on her decease or marriage he gave and devised the remainder thereof to his three sons and their heirs, to be equally divided among them. *Held*:

   (*a*) That the wife took a life-estate in the lands of the testator.

   (*b*) That the power of sale or disposition conferred upon the life-tenant did not enlarge this estate into a fee.

   (*c*)· That the sons of the testator took vested remainders in the lands, subject to be divested by the exercise by the life-tenant of the power of sale or disposition given her in the will, and on her ineffectual attempt to exercise this power their interests would pass to their heirs at law.

   (*d*) That a petition in ejectment, brought by the widow and sole heir at law of a deceased son of the testator, to recover his one-third undivided interest in remainder in the lands devised by the testator under the above provisions of his will, against the defendants, alleging that they are in possession of such lands, that the plaintiff owns a one-third undivided interest therein, that she is entitled to the joint possession with defendants, and that they exclude her therefrom, sets up a cause of action; and the court did not err in overruling a demurrer to the petition.

   (*e*) Such petition need not expressly, but may impliedly, negative the fact of the sale or disposition of. such lands by the life-tenant under the power of disposition contained in the will; and under the facts stated in the petition such fact is impliedly negatived.

2. An amendment to the plaintiff's petition, alleging that the surviving remaindermen, in order to deprive her of her interest in these lands as the sole heir of her deceased husband, had induced the life-tenant, who was of advanced age and from disease and senile infirmities was mentally incapable of making a valid contract, without consideration, to convey said lands to them under the power given said life-tenant by the testator, for which reasons said conveyance was void, and that the defendant was the tenant of said remaindermen who claimed said lands under said conveyance from the life-tenant, was not subject to the objections that it sought substantial equitable relief against the grantees in said conveyance, and that, failing to allege their residence, did not show that the court had jurisdiction to grant such equitable relief; said amendment not seeking any equitable relief, and said attack on said conveyance being available to the plaintiff at law against the tenant of said vendees in possession.

3. As the demurrer to the petition, as originally drawn, had been overruled, the court did not err in overruling a general demurrer to the petition as amended, on the ground that the amendment to the petition disclosed that the title of the plaintiff's husband had been divested by the exercise by the life-tenant of the power of sale or disposition given her under the testator's will.

4. A power of sale or disposition, and the mode of its exercise, given to a life-tenant under the will of a testator, who gave to his wife an estate for life or widowhood in practically his entire estate, with the right to sell or dispose of his property as she may see proper, and who gave the remainder thereof to his sons, will be strictly construed, especially where its exercise will cut out the remaindermen.

(a) In determining the character and scope of such a power, the intention of the testator must be ascertained and effect given thereto.

(b) To properly construe this power, we must look not only to the words of the will conferring it, but to the circumstances surrounding the testator, and to the fact that he had created remainders in favor of his sons.

(c) This power of sale or disposition was given to the wife, in order to secure her a support and maintenance, if the income from testator's estate was not sufficient for that purpose; but it was not the intention of the testator that the wife, in the exercise of this power, could sell or dispose of it for the purposes recited in her deed to her sons.

(d) Under this power the life-tenant could not make a testamentary disposition of these lands, it being the clear intention of the testator that what remained of his estate at the marriage or death of his widow should pass under his will and not under her will.

5. The court erred in sustaining the general demurrer to the petition as finally amended.

Nos. 3527, 3546. JULY 10, 1923. REHEARING DENIED SEPTEMBER 11, 1923.

Complaint for land. Before Judge Searcy. Cobb superior court. October 30, 1922.

Mrs. Clifford Cochran brought suit against George Groover and

Henry White; and alleged that the defendants are in possession of land lots 491, 412, 386, and 589, each containing 40 acres, more or less, the east half of land lots 385 and 413, and the south half of land lot 299, each half-lot containing 20 acres, more or less, the entire tract containing 220 acres, more or less, in the 18th district, second section, of Cobb County, of which she owns a one-third undivided interest, and of which she is entitled to the joint possession with the defendants. Defendants refuse to admit her into possession with them, and refuse to pay her one-third of the rental of said lands. She relies for her title on these facts: (a) She married George D. Cochran on Dec. 28, 1902, and he and she lived together as husband and wife until his death on May 9, 1915, intestate, without leaving children or descendants of children, leaving her his sole heir at law; (b) in January, 1894, prior to their marriage, S. R. Cochran, father of George D. Cochran, E. A. Cochran, and J. R. P. Cochran, died leaving a will by the terms of which he bequeathed to each of his said three sons and their heirs all of his real estate, reserving a life-estate in his wife, Melissa G. Cochran; (c) said S. R. Cochran owned all the lands described, and died in possession of the same; (d) the will of S. R. Cochran was duly probated in the court of ordinary of Cobb County and admitted to record; (e) upon the death of said testator, title to all of said lands immediately vested in said three sons, subject to the life-estate of their mother; (f) Melissa G. Cochran, the wife, died in March, 1916 at which time the right of possession of said lands was in plaintiff, as sole heir at law of George D. Cochran, and in E. A. Cochran and J. R. P. Cochran; (g) the widow of testator died in possession of said lands, holding the same as life-tenant under the will. Said lands are worth for rent the sum of $250 per year. Defendants had the rents thereto for the years, 1917, 1918, 1919, and 1920, of the annual value of $250, no part of which they have paid to plaintiff, though she has demanded payment. She is entitled to $83.33-1/3 a year for her third of said rental, and in addition interest on each year's rent from the end of each year at 7 per cent. per annum. The true owners of said lands hold title under the bequests made in the will of S. R. Cochran, to E. A. Cochran, J. R. P. Cochran, and George D. Cochran. A copy of the will was attached to the petition. This will contains but one disposing item, which is as follows: " I give and

bequeath to my beloved wife, M. G. Cochran, all my household furniture and all the rents of my personal property. Also give, devise and bequeath to my beloved wife, M. G. Cochran, all of my real estate as long as she will remain unmarried and my widow. I also will that my beloved wife, M. G. Cochran, have the right in her own name to sell or dispose of my property either real or personal, as she may see proper, but on her decease or marriage the remainder thereof I give and devise to my three sons, Elias Alexander, John Robert Putnam, and George Davis, and their heirs respectively, to be divided in equal shares between them."

George Groover demurred to the petition, on the grounds: (1) it set forth no cause of action; (2) plaintiff must recover on the strength of her own title, and she does not allege any right or title to the premises; (3) under the will of S. R. Cochran, the property in dispute was given to his wife, with power to sell or dispose thereof as she might see proper, and at her decease or marriage the remainder testator gave to his three sons, and there is no allegation that she did not dispose thereof, and the will did not give to plaintiff's husband a remainder interest in the property, but a contingent interest in the remainder; (4) under the terms of the will, said contingent interest in the remainder was given to the three sons as a class; the word "heirs" therein means children, and George D. Cochran having died before the life-tenant, leaving no children, the petition sets out no cause of action; (5) the will giving to the wife the right to sell or dispose of said property, and there being no allegation that she did not sell or dispose of the same, said will, as to the contingent remainder, conveyed no title, is uncertain and void, since the remainder thereof refers to the property not sold or disposed of by the wife; (6) the plaintiff, claiming title under said will, must allege every fact necessary to show her right to recover; and she having failed to do so, the petition should be dismissed. · On Feb. 1, 1922, Judge Humphries, of the Atlanta Circuit, presiding, heard said demurrer. He held that the will did not vest in the widow an absolute fee in the property, but an interest for life or widowhood, with vested remainder in testator's named children, subject to be divested by sale of the property by the widow during her life. He overruled the demurrer of the defendant on "each and all grounds." To this judgment defendant excepted pendente lite, and error is assigned thereon in the cross-bill of exceptions.

On Feb. 7, 1922, plaintiff amended her petition; and alleged that after the death of the testator in January, 1893, leaving his widow in possession of these lands, George D. Cochran looked after the interest of his mother until he died in May, 1915, a few months before the death of his mother, during all of which time he saw that this farm made her a living; and if for any reason it did not, he from his own means made it do so, without charge to her, while the other sons were not giving their mother or the farm any attention.　When the farm lands more than supported his mother he paid her the surplus.　When she needed a physician he furnished one, when she needed money he furnished it, and at his death she had money of her own on hand.　After his death, leaving his mother 82 years old and in comfortable circumstances, enjoying her life-estate in the lands above described, E. A. Cochran and J. R. P. Cochran conceived the scheme to deprive plaintiff of her share in said lands inherited from her deceased husband, by means of a pretended sale to defeat her one-third interest therein. They had a deed prepared, and had their mother go through the form of making a deed to them to their own two-thirds interest and to the one-third interest of George D. Cochran, which had vested in him more than twenty years previously, in order to defeat plaintiff's inheritance from her husband.　The defendant is the tenant of said E. A. Cochran and J. R. P. Cochran, and claims to hold possession under this deed.　No consideration passed from them to their mother; and she was not mentally competent to execute a valid deed, if she had the power to do so.　She was suffering from disease and senile infirmities, which greatly affected her mentally and physically, and incapacitated her from making a valid contract.　Under the power of sale in the will of S. R. Cochran, a valid sale, if any, was contemplated.　For these reasons said deed is void and passed no title.　The rents from said lands were ample to pay the funeral expenses of the life-tenant; and E. A. Cochran and J. R. P. Cochran did nothing in compliance with said pretended contract, except have their mother buried at her own expense.　Neither paid one cent in compliance with said contract, except out of her funds.

The defendant objected to this amendment, on the grounds that it sought substantial equitable relief, and did not allege the residence of E. A. Cochran or J. R. P. Cochran, the grantees in said

deed, and that the court had no jurisdiction over them for substantial equitable relief. The court overruled said objections and allowed the amendment, to which defendant excepted pendente lite, on which error is assigned in the cross-bill of exceptions.

To the petition as amended Groover again demurred. In this demurrer he insisted upon all the grounds of his original demurrer, and further demurred on the grounds: (1) that E. A. Cochran and J. R. P. Cochran, the representatives of the life-tenant and the executor of testator, were not made parties defendant; (2) that it sets forth no cause of action; (3) that the amendment does not show that the court has jurisdiction of E. A. Cochran and J. R. P. Cochran, against whom substantial equitable relief is prayed; (4) that the allegations of the amendment are irrelevant; (5) that under the will of testator the life-tenant had the right in her own name to sell or dispose of these lands as she saw proper. Judge W. E. H. Searcy Jr., presiding, on May 27, 1922, overruled the general demurrer, but sustained the special demurrers, and ordered that the case be dismissed unless the plaintiff filed, within thirty days from date, an amendment meeting the grounds of the special demurrer. To this judgment defendant excepted pendente lite, on which error is assigned in the cross-bill of exceptions.

On June 22, 1922, the plaintiff amended her petition, and alleged: (1) The defendant claimed said lands under a pretended deed executed by Melissa G. Cochran to E. A. Cochran and J. R. P. Cochran on July 31, 1915, and under a will purporting to be executed by Melissa G. Cochran on the same day, neither of said documents passing any title to them, for the reasons: (a) that there was no power in Melissa G. Cochran to execute said deed, the same not being a sale as contemplated by the will of testator, but an attempt to have her reapportion the lands among the surviving two sons and sole heir of George D. Cochran, and to divest plaintiff of her one-third interest therein; (b) that the recitals in said deed, beginning at the word " that," after the word " witnesseth," are inadmissible in evidence against her, and she objects to said recitals, because they were not made or expressed in her presence, and because as sole heir of George D. Cochran she stands in the exact position of his personal representative, and for this reason said recitals are inadmissible against her and are not binding upon her. (2) Said deed was absolutely void, because no consideration

passed from the grantees to the grantor, who had nothing to sell; if anything passed under said deed it was only her life-estate. (3) The grantor was about 83 years old, feeble, had kidney trouble and hardening of the arteries, and from disease and old age her mind was weak. Plaintiff lived near her, and both her sons lived at Atlanta, twelve or fifteen miles away. Plaintiff was watching after her and attending to her every want, E. A. Cochran and J. R. P. Cochran were desirous of defrauding plaintiff out of her one-third interest in said land, and accordingly procured the making of said deed, and at the same time they procured an Atlanta lawyer to prepare a will for Melissa G. Cochran; they coerced and compelled her to sign both, and both are void on account of said fraud, undue influence, and incapacity of Melissa G. Cochran to make same. (4) E. A. Cochran and J. R. P. Cochran had said pretended will probated in common form. Plaintiff is not an heir at law of Melissa G. Cochran, and for that reason can not attack it in the court of ordinary; and said deed being void, said will is likewise void, as the will of S. R. Cochran gives no power to the widow to dispose of said property by will; and for all of said reasons said deed and will are void. Attached to this amendment was a copy of the deed from Melissa G. Cochran to E. A. Cochran and J. R. P. Cochran, which recites that George D. Cochran had used beyond her support the rents of the lands left her by the testator from 1901 to 1914, and the rents gotten from said farm by said George D. Cochran were of the reasonable value of $200 per year, which was an equitable advancement to him of $2600. This deed further recites, that the maker had advanced to George D. Cochran various sums of money, and loans on personal property; that E. A. Cochran and J. R. P. Cochran and their families were her only living descendants; and that, being 82 years of age and unable to manage her property, and the grantees agreeing to care for, maintain, and support her during the remainder of her life, and to see that she was properly buried, in consideration of the premises she conveyed to her said sons the premises in dispute in this case. This amendment was " allowed and ordered filed in compliance with the order of this court of May 27, 1922, subject to the defendants' right to demur."

To the petition as thus amended the defendant renewed his demurrer, and demurred specially to each and all the allegations as

to the mental incapacity, financial condition, age, and doings of Melissa G. Cochran, and any and all allegations of fraud on her part, and all acts of fraud on the part of grantees in said deed, upon the ground that it is a warranty deed, and neither the grantees nor the grantor are parties to said case. He further demurred on the ground that no copy of the will is set out or attached to the petition, and because the superior court has no jurisdiction of fraud in the procurement of a will.

On Oct. 7, 1922, plaintiff amended her petition and alleged: (1) that Melissa G. Cochran, at the time said alleged deed was made, was 83 years old, was suffering with kidney and bladder trouble and hardening of the arteries, which had weakened her mentally and physically, and she could make no valid contract; that E. A. Cochran and J. R. P. Cochran were her sons; that they took advantage of her and procured her to sign the deed under which they claim to own the lands described; that said 220 acres of land is reasonably worth $11,000; that it was apparent that death was near when said deed was signed by her; that she had on hand belonging to her $200; that the use of the farm was worth $200 a year; that the produce of the land was more than enough to support her; that the deed to her said sons, from inadequacy of consideration, is a fraud upon her and upon plaintiff, and is absolutely void, and passed no title to the lands therein described; (2) that the will of Melissa G. Cochran under which it is claimed these lands passed to her said sons conveyed nothing except what the testator owned; (3) that the consideration in the nature of a covenant on the part of the sons was never performed or carried out, and for this reason said deed is void; and (4) taking into consideration the value of the land and expense of the support and funeral expense, the inadequacy of the consideration itself rendered the deed void. To the petition as thus amended, the defendant renewed his demurrers, and further demurred on the ground that the same was immaterial and irrelevant, because a court of equity has no jurisdiction to set aside a will for fraud, and because the petition as amended set forth a new cause of action.

On Oct. 21, 1922, the plaintiff amended her petition by attaching thereto a copy of the will of Melissa G. Cochran, and alleged that no title to said land passed to E. A. Cochran and J. R. P. Cochran thereunder. Under this will the testatrix gave and de-

vised to E. A. Cochran and J. R. P. Cochran all of her property, and gave. as her reason that her son, George D. Cochran, was dead and had left no children; he had the use of the farm and property given testatrix by the will of her husband, and enjoyed the income therefrom since the death of her husband, when the same belonged to her, and which use and occupation, in addition to her support, was reasonably worth $200 per annum. In her will testatrix refers to the lands given these sons as the lands left her by her "husband, in whose will she had a right to sell or dispose of as she might see proper." To the petition as thus amended the defendant renewed his demurrers, and further demurred on the grounds that said amendment did not meet the grounds of the special demurrers sustained by the court, and on various grounds of special demurrer. On Oct. 30, 1922, Judge Searcy sustained the general demurrers to said petition, and did not pass upon the special demurrers. Error is assigned on this judgment, in the main bill of exceptions.

*Mozley & Gann* and *H. B. Moss,* for plaintiff.

*George. F. Gober,* for defendant.

HINES, J. (After stating the foregoing facts.)

1. We deal first with the assignment of error in the cross-bill of exceptions, based upon an exception to the judgment of the court overruling the demurrer of the defendant to the petition as originally drawn. If the petition as originally drafted sets out a cause of action, and if this cause of action was not destroyed by subsequent amendments, then the judgment finally dismissing the petition on demurrer, which is the error assigned in the main bill of exceptions, should be reversed. It is insisted by the defendant that the petition sets forth no cause of action, because, under the will of S. R. Cochran, his widow took the fee in these lands, to the exclusion of the sons of testator, for which reason the plaintiff's husband took no interest in these lands which could descend to her as his sole heir at law. It is again urged by the defendant, that, if the husband of the plaintiff took any interest in these lands under the will of his father, it was not a vested remainder, but only a contingent interest or expectancy which lapsed by his death during the life of the widow of testator; and for this reason the plaintiff inherited from her husband no interest in these lands. Furthermore, the defendant asserts that as the petition does not

allege that the widow of testator did not sell or dispose of this land under the power of sale and disposition given her under the will, it fails to show title in plaintiff, and for this reason should have been dismissed on demurrer.

So it becomes necessary to determine what estate the widow of testator took under the will, and what interest the sons took thereunder. The judge, presiding when the demurrer to the petition as originally drawn was heard, held that the widow of testator took an estate in this land for life or widowhood only, and that his sons took vested remainders, subject to be divested by the exercise of her power of sale or disposition given the widow of testator. We think this construction of the will is the correct one. The will limits the estate of the wife to one for life or widowhood. *Melton* v. *Camp,* 121 *Ga.* 693 (49 S. E. 690). The addition of the power of sale or disposition does not enlarge this estate into a fee. *Edmondson* v. *Dyson,* 2 *Ga.* 307; *Haralson* v. *Redd,* 15 *Ga.* 148; *Wilder* v. *Holland,* 102 *Ga.* 44 (29 S. E. 134). The remainders to the three named sons were vested remainders. They were limited to certain persons, the named sons of testator, at a certain time, the marriage of the widow, or upon the happening of a necessary event, the death of the life-tenant. Civil Code (1910), § 3676. For this reason there was no contingency about the remainders, and there was nothing about the limitations over to make them executory devises. The remainders might be defeated by the widow's selling or disposing of the property, but this did not make them contingent remainders in a legal sense. The persons to take were certain and ascertained at the time of the testator's death. The event on the happening of which they were to vest was a necessary one. The uncertainty as to the mere *quantum* of property to be possessed did not make the remainders contingent. They were subject to be divested in whole or in part by the widow's sale or disposal of the whole, or some part of the property left by the testator. This contingency, however, did not deprive the remainders of their character of being vested. Where one of the sons died after the testator, leaving his widow as his sole heir at law, the widow inherited his share of this land. *Melton* v. *Camp,* supra. But if these remainders were contingent, the contingency not being as to the persons who were to take, but as to the event on the happening of which they would take, they would

descend to the heirs of such remaindermen, if the widow did not sell or dispose of the property under the power. *McGinnis* v. *Foster,* 4 *Ga.* 377; *Legwin* v. *McRee,* 79 *Ga.* 430 (4 S. E. 863); *DeVaughn* v. *McLeroy,* 82 *Ga.* 687 (10 S. E. 211); *Collins* v. *Smith,* 105 *Ga.* 528 (31 S. E. 449). So we do not think that the position of counsel for the defendant, that this provision of the will created a fee in the widow, and, if not a fee in her, at most only contingent interests in the remaindermen which would not descend to their heirs, is well taken.

Was it necessary for the plaintiff to negative expressly the sale or disposition of these lands by the life-tenant under the power of sale given her in the will? She alleged that the defendants are in possession of the premises sued for, that she owns a one-third undivided interest therein of which she is entitled to the joint possession with the defendants, that upon the death of the testator, who owned said lands and died in possession thereof, title thereto immediately vested in his three sons, including plaintiff's husband, who left her his sole heir at law, and that the widow of testator died in possession of said lands in March, 1916, holding the same as life-tenant under said will. Thus the plaintiff alleges that she owns a one-third undivided interest in these lands and is entitled to the joint possession thereof with the defendants, and that they exclude her therefrom. These allegations sufficiently negative any sale or disposition of said lands by the widow under the power conferred upon her in the will. The plaintiff would not own a one-third undivided interest, and would not be entitled to possession thereof with defendant, if the same had been sold or disposed of by the life-tenant under this power. Generally speaking, a complaint in ejectment is sufficient if it contains averments that the plaintiff is entitled to possession and that the defendant wrongfully or unlawfully keeps him out of possession. 19 C. J. 1105, § 113; *Phillips* v. *James,* 115 *Ga.* 425 (41 S. E. 663); *Moss* v. *Chappell,* 126 *Ga.* 196, 201 (54 S. E. 968, 11 L. R. A. (N. S.) 398). In determining the sufficiency of the petition in this case, we must apply the rules applicable in an ordinary action of ejectment. *Moss* v. *Chappell,* supra. A petition alleging that plaintiffs are the owners and entitled to the possession of an undivided one thirty-sixth of land described, and that defendant is wrongfully withholding the possession from them, states a cause of action.

Anderson *v.* Proctor Coal Co., 25 Ky. L. R. 130 (74 S. W. 717). The allegation that the plaintiff is the owner of the land sued for is substantially an allegation of seisin in fee in ordinary instead of in technical language. Garwood *v.* Hastings, 38 Cal. 216.

The sale or disposition of these lands by the life-tenant under the power of sale given her in the will is a matter of defense, rather than one which the plaintiff must negative by pleading and proof. The petition of the plaintiff, alleging that she is the owner of an undivided interest in the premises in dispute, that she is entitled to the joint possession thereof with the defendants, and that they exclude her therefrom, and setting out fully the source of her title, is not subject to demurrer because it lacks an allegation denying the sale or disposition of the property by the life-tenant under the power bestowed upon her in the will. Ordinarily it is not necessary to anticipate defenses to an action. *Horton* v. *Murden,* 117 *Ga.* 72 (43 S. E. 786) ; *Hagan* v. *Townsend,* 118 *Ga.* 682 (45 S. E. 478) ; *Humphreys* v. *Bush,* 118 *Ga.* 628 (45 S. E. 911) ; *Horton* v. *Harvey,* 119 *Ga.* 219 (46 S. E. 70) ; *Central of Ga. Ry. Co.* v. *Bagley,* 121 *Ga.* 781 (49 S. E. 780) ; *Moss* v. *Chappell,* supra. The position of counsel for the defendant that this will creates a limitation over to a class is not well taken. The limitation over in this will, instead of being to a class, is expressly to three named sons. Citation of authority for this principle is unnecessary. So the presiding judge did not err in overruling the demurrer to the petition as it originally stood.

2. The plaintiff, after the demurrer to her petition as originally drawn had been overruled, on Feb. 7, 1922, amended her petition.; and among other things alleged that her husband died in May, 1915, a few months before the death of his mother; that he had, from the time of testator's death in January, 1893, to his own death, seen that his mother had been supported from the farm; that he died leaving his mother. at the age of 82 years in comfortable circumstances, enjoying her life-estate in these lands; that E. A. Cochran and J. R. P. Cochran conceived a scheme to deprive her of her share in these lands as heir at law of her husband; that to this end they procured their mother to make to them a deed to said lands, that no consideration passed from them to her; and that from disease and senile infirmities she was mentally and physically incapable of making a valid contract, for which rea-

son said deed was void. She further alleged, that the defendant was the tenant of said E. A. and J. R. P. Cochran, who claim these lands under said deed. The defendant objected to this amendment, on the grounds that it sought substantial equitable relief, that it did not allege the residence of the grantees in said deed, and did not show that the court had jurisdiction for the purpose of granting such relief. The court overruled said objections and allowed said amendment. To this judgment the defendant excepted pendente lite, and error is assigned thereon in the cross-bill of exceptions.

This amendment does not seek to make the grantees in said deed parties to this suit, and does not seek any equitable relief against them. If the purpose of this amendment had been to have this deed canceled or to obtain other equitable relief against the grantees, they would have been necessary parties thereto. *Pierce* v. *Middle Ga. Land &c. Co.,* 131 *Ga.* 99 (61 S. E. 1114) ; *Taylor* v. *Colley,* 138 *Ga.* 41 (74 S. E. 694) ; *Zeigler* v. *Arnett,* 142 *Ga.* 487 (83 S. E. 112) ; *Brown* v. *Wilcox,* 147 *Ga.* 546 (94 S. E. 993) ; *Jackson* v. *Harrison,* 147 *Ga.* 631 (95 S. E. 215) ; *A., B. & A. Ry. Co.* v. *Smith,* 148 *Ga.* 282 (96 S. E. 562). Moreover, the action being a complaint for the recovery of land, if the grant of equitable relief against said grantees was necessary in order to enable the plaintiff to recover, the court in which such action was pending would be without jurisdiction to grant such relief unless the grantees resided in Cobb County. *Clayton* v. *Stetson,* 101 *Ga.* 634 (28 S. E. 983) ; *Chosewood* v. *Jones,* 146 *Ga.* 804 (92 S. E. 646). But the plaintiff by this amendment does not seek any equitable relief against these grantees, but relies upon her right to recover at law the premises from their tenant, on the ground that the deed from the life-tenant to them is void, first, because the execution of said deed was an improper and illegal exercise of the power of sale and disposition vested in the grantor under the will of testator ; and second, because the grantor was mentally incapable of making the same. The plaintiff thus does not assert equitable rights as the basis of her action, but relies solely upon her legal rights. She undertakes to recover this land on the theory that the title of the grantees thereto is void at law, and that for this reason she can recover the premises from their tenant in possession. Such attack on this deed is available to her at law, and

she does not have to resort to equity to defeat the deed. *Sugart* v. *Mays*, 54 *Ga.* 554. The court did not err in allowing this amendment.

3. To the petition as thus amended the defendant again demurred. In this demurrer he insists on all the grounds of his original demurrer, and adds other grounds, which are: (1) that E. A. Cochran and J. R. P. Cochran, the representatives of the life-tenant and the executrix of testator, are not made parties; (2) that the amendment does not show that the court has jurisdiction of said grantees against whom substantial equitable relief is prayed; (3) that the allegations of the amendment are irrelevant; (4) that under the will of testator the life-tenant had the right in her own name to sell or dispose of the lands as she saw proper. After argument on this demurrer, the judge presiding, on May 27, 1922, passed this order: "It is ordered and adjudged that the general demurrer be and is overruled. It is further ordered that the special demurrers be and are sustained and the case dismissed, unless plaintiff file in the clerk's office of Cobb superior court, within thirty days from this date, an amendment meeting the grounds of said several special demurrers; and if this be done, said case shall not be dismissed." To this judgment the defendant filed his exceptions pendente lite, and error is assigned thereon in the cross-bill of exceptions. As the demurrer of the defendant to the petition as originally drafted had been overruled, and as we have held that the judgment overruling it was proper, it necessarily follows that the judgment of the court overruling the general demurrer to the petition as amended was correct, unless the amendment to the petition destroyed the plaintiff's cause of action set forth in her original petition. This amendment did not destroy this cause of action unless it showed that the title of the husband of plaintiff to the one-third interest in these lands had been divested by the exercise of the power of sale or disposition given the life-tenant in the will of testator. We do not think that his title was divested by the execution of the deed by the life-tenant to the other two remaindermen, for reasons which we shall hereafter give. For no other reason did this amendment destroy plaintiff's cause of action as laid in her original petition. It follows that the court did not err in overruling the general demurrer to the petition as amended. We do not understand that the de-

fendant complains of that portion of the judgment which sustained the special grounds of demurrer and ordered the petition dismissed unless they were met by appropriate amendment within thirty days. But if the petition was subject to special grounds of demurrer which could be met by amendment, the court did not err in giving the plaintiff time to meet the same by an appropriate amendment.

4. Having disposed of the questions raised in the cross-bill of exceptions, we now pass upon the question raised in the main bill of exceptions; and that is, whether the trial judge erred in sustaining the general demurrers to plaintiff's petition as amended. On June 22, 1922, plaintiff amended her petition. The allegations in this amendment are set out in the statement of facts. The defendant demurred again to the petition as amended, on grounds set out in the statement of facts. On Oct. 7, 1922, and on Oct. 21, 1922, plaintiff amended her petition again, and the defendant demurred to the petition as amended each time. The allegations of the amendments and grounds of demurrer are substantially embraced in the statement of facts. On Oct. 30, 1922, the trial judge sustained the general demurrers to the petition as amended, but did not pass upon the special demurrers. Did the court err in dismissing the petition as finally amended, on general demurrer? As the plaintiff had two judgments in her favor, one overruling a demurrer to her petition as originally drafted and another overruling a general demurrer to her petition as amended up to May 27, 1922, the court erred in sustaining the general demurrers to the petition as amended on Oct. 30, 1922, unless the effect of these amendments was to defeat and destroy the previous cause of action set out in her original petition and in her petition as amended on May 27, 1922. Did the amendments to the petition after May 27, 1922, destroy plaintiff's cause of action? This depends upon whether the life-tenant properly and legally exercised the power of sale or disposition given her in the will of testator, by the execution of her deed in which she undertook to convey to the surviving remaindermen these lands, or by her will in which she undertook to devise them to the surviving remaindermen. Whether her attempted exercise of this power was legal depends upon the proper construction of this power of sale or disposition. Testator gave to his wife all of his real estate as long as she remained un-

married and his widow, and the right in her own name to sell or dispose of his property, either real or personal, as she might see proper, but on her decease or marriage the remainder thereof he gave and devised .to his three sons and their heirs respectively, to be divided in equal shares between them. The testator died in January, 1894. George D. Cochran, a remainderman under the will and the husband of plaintiff, who was his sole heir at law, died intestate on May 9, 1915. On July 31, 1915, the life-tenant by her deed undertook to convey to E. A. Cochran and J. R. P. Cochran the lands of testator. This deed recites that George D. Cochran had used the rents, beyond the support of the life-tenant, of the lands left by testator from 1901 to 1914, that the rents he received were reasonably worth $2600, that the life-tenant had advanced to him various sums of money and other personal property, that E. A. Cochran and J. R. P. Cochran and their families were her only living descendants, that she was 82 years old and unable to manage her property, that her said sons had agreed to care for and support her during the remainder of her life and to see that she was properly buried, and that in consideration of the premises, and in order to make the amounts given to her said sons equal to the amount George D. Cochran had received from her, and in consideration of their agreement to care for and support her, she sold and conveyed these lands to her two surviving sons. She warranted the title.

Was this a proper and legal exercise of the power of sale or disposition? In determining the character and' extent of this power the intention of testator must be ascertained and effect given thereto. *Mathis* v. *Glawson,* 149 *Ga.* 752 (3) (102 S. E. 351). The evident intention of the testator was to provide for the support and maintenance of his wife. With this in view he gave her an estate for life or widowhood in all his lands and personalty, and clothed her with the right in her own name to sell or dispose of his property, real or personal, as she might see proper. He further provided that on her decease or marriage whatever remained of .his property should go to his three named sons and their heirs equally. The learned counsel for the defendant contends that under this power the life-tenant was given the absolute, unlimited, and unconditional power to either sell or dispose of this property by will for any purpose, as she might see proper, and that in the

exercise of this power she could sell, give away, or will these lands. While the power conferred upon her is broad, we do not think this is its proper construction. If the petition as finally amended shows that the life-tenant had properly and legally exercised the power, then the trial judge properly sustained the general demurrers thereto. If her deed to her sons was executed when she was mentally incapable of making it, it was a nullity, and did not amount to an exercise of this power. This is so because insane persons can not make valid conveyances of land. Civil Code (1910), §§ 4232, 4237. But if sane, could the life-tenant convey these lands to two of the remaindermen and cut out the third, in order to advance to the former amounts equal to that received by the latter from rents of these lands, over and above the support of the life-tenant, and from money and other personal property advanced him by the life-tenant, or to equalize the remaindermen in the amounts which they would receive from the estate of their father? We do not think so.

A power and the mode of its exercise, when the latter has the effect of cutting out remaindermen, must be strictly construed. Garland v. Smith, 164 Mo. 1 (64 S. W. 188). The testator had a wife and three sons. His dominant purpose was to provide for the support and maintenance of his wife during her life or widowhood. So he gave her a life-estate in practically all his property. If the income from his estate would not support and maintain her, then he gave her the right to sell or dispose of the same for that purpose. It was not the intention of the testator that his wife should give away his lands, or dispose of them by will contrary to the plan and scheme of his own will. The power to sell does not include the power to give. The phrase, " or dispose of," does not confer such power. Nor did the power to sell or dispose of the property of the testator confer on the life-tenant the right to convey it to her surviving sons in order to make the shares coming to them as remaindermen equal to what the deceased son had received from the rents of these lands during the life-tenancy and from his mother in money and personal property. To properly construe this power, we must look not only to the words of the will conferring it, but to the circumstances surrounding the testator, and the fact that he had created remainders in favor of his sons. Garland v. Smith, supra. The clear intention of the testator was that

such of his property as remained at the time of the marriage or death of his widow should pass under his will, and not under her will. The power given the life-tenant was one of disposition by act *inter vivos,* but not by will. 1 Jarman, Wills (6th Eng. ed.) 791; In Re Thomson, 13 Ch. D. Eng. 144; Herring *v.* Barrow, 14 Ch. D. Eng. 263; Re Pounder, 56 L. J. Ch. Eng. 113; Doe *v.* Glover, 1 C. B. 448; Ford *v.* Ticknor, 169 Mass. 276 (47 N. E. 877); Wooster *v.* Fitzgerald, 61 N. J. L. 368 (39 Atl. 679); Keniston *v.* Mayhew, 169 Mass. 166 (47 N. E. 612); Mooy *v.* Gallagher, 36 R. I. 405 (90 Atl. 663, L. R. A. 1916C, 1040, Ann. Cas. 1916D, 395); Evans *v.* Folks, 135 Mo. 397 (37 S. W. 126); Terry *v.* Wiggins, 47 N. Y. 512; Gruenewald *v.* Neu, 215 Ill. 132 (74 N. E. 101); Small *v.* Thompson, 92 Me. 539 (43 Atl. 509).

So we are of the opinion that the life-tenant, under the power of disposition given her in the will of testator, could not make a testamentary disposition of his lands. Her effort to convey these lands to her sons for the purposes expressed in her deed, and to devise them to her sons by her will, was beyond the scope of this power, and was ineffectual to vest title in them. For these reasons the amendments to the plaintiff's petition, after May 27, 1922, did not destroy her cause of action; and the trial judge erred in sustaining the general demurrers to her petition and in dismissing the same.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except Russell, C. J., disqualified.*