**GEORGIA RAILROAD BANK & TRUST COMPANY, as Executor of the Last Will and Testament of E. Charles Hawes, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 1336.**

United States District Court
S. D. Georgia,
Augusta Division.
Dec. 29, 1967.
Amended Judgment March 11, 1968.

William M. Fulcher, of Fulcher, Fulcher, Hagler, Harper & Reed, Augusta, Ga., for plaintiff.

Wm. T. Morton, Asst. U. S. Atty., Augusta, Ga., Walter F. Tribbey, Dept. of Justice, Tax Div., Washington, D. C., for defendant.

## ORDER

SCARLETT, District Judge.

The facts of this action have been fully stipulated. Summarized, they are as follows:

The decedent died testate on April 9, 1963, and thereafter his last will and testament was duly probated in the Court of Ordinary, McDuffie County, Georgia. After his death, a timely federal estate tax return was filed by the authorized representative of the decedent's estate, the Georgia Railroad Bank and Trust Company, and the taxes shown as being due thereon were paid in full. A marital deduction was claimed on the estate tax return in the amount of $41,190.87.

Subsequently, the decedent's estate filed an amended estate tax return and an administrative claim for refund, alleging that it had understated its allowable marital deduction on the decedent's original estate tax return and that, accordingly, it was entitled to a refund of taxes in the amount of $27,924.54, plus interest thereon. In the amended return, the decedent's estate claimed a marital deduction of $139,261.37. The plaintiff's claim for refund was denied and this action was commenced.

The sole issue is whether the property passing in trust under Item IV of the will of the late E. Charles Hawes qualifies for the marital deduction. The determination of that question turns on whether a general power of appointment during her lifetime was conferred upon the Testator's wife. The plaintiff contends that a general power of appointment was conferred on the Testator's wife, the defendant contends that the power given the spouse was operative only as to amounts needed for her support and maintenance.

The Testator, in Item IV, after having bequeathed all his United States Savings Bonds and proceeds to his "beloved wife, Grace Steell Hawes, absolutely and in fee simple," devised and bequeathed all the residue of his estate to Georgia Railroad Bank & Trust Company, as Trustee, upon the terms therein set forth. In paragraph (c) the Trustee was directed to pay the net income from the trust to the wife of Testator in semiannual or more frequent installments. In paragraph (d) the Trustee was given the authority to encroach upon corpus to provide for the proper support and comfort of his wife. Then follows paragraph (e) in which the Testator grants and confers upon his wife a general power of appointment over the trust property during her lifetime, to wit:

"(e) My said wife shall have the right at any time and from time to time by instrument in writing delivered to the Trustee to direct the Trustee to turn over any part of the property in its hands to or among any such persons as my said wife may in such instrument direct."

In paragraph (g) it is provided that on the death of Mrs. Hawes, the Trustee shall divide the property "remaining in its hands and distribute the same" to certain individuals and institutions.

■■ When faced with the construction of the terms of a will, The Court is bound to give that construction that will most nearly give effect to the intention of the testator. The intention of the testator can most clearly be discovered by looking to the words of the instrument and giving them the most common and normal meaning.

Looking to the words of this will, paragraph (e) provides that the wife shall have the right to direct the Trustee to turn over "any part" of the property in its hands. There is no limitation in the will as to how much of the property the wife may dispose of, therefore, it may be assumed that she could dispose of all of the property if she so desires. This section further provides that the wife may direct the Trustee to turn this property over to "any such persons" as the wife may direct. The terms of the will in no way limit or designate who "any such persons" may be, therefore, it may also include the wife.

■ The defendant contends that it would be unreasonable to suppose that the Testator would designate certain beneficiaries to receive the remainder of what was left at the wife's death, and at the same time give the wife the power to dispose of all of these bequests. The creation of remainder interest does not curtail the right to exercise a power of disposition given to one holding a life interest. Melton v. Camp, 121 Ga. 693, 49 S.E. 690; Cochran v. Groover, 156 Ga. 323, 118 S.E. 865; Jenkins exec. v. Shuften, 206 Ga. 315, 57 S.E.2d 283.

The Court is also persuaded that the property passing in trust under Item IV of the will of the Testator qualifies for the marital deduction by the language of the United States Supreme Court in Northeastern Pennsylvania National Bank & Trust Co. v. United States, 387 U.S. 213, 87 S.Ct. 1573, 18 L.Ed.2d 726 where the Court said,

> "Congress' intent to afford a liberal 'estate-splitting' possibility to married couples, where the deductible half of the decedent's estate would ultimately—if not consumed—be taxable in the estate of the survivor, is unmistakable. Indeed, in § 93 of the Technical Amendments Act of 1952, 72 Stat. 1668, Congress made 'The more realistic rules of the 1954 Code' apply retroactively to the original enactment of the marital deduction in 1948, and opened the statute of limitations to allow refunds or credits for overpayments. Plainly such a provision should not be construed so as to impose unwarranted restrictions upon the availability of the deduction."

■ Accordingly, it is the opinion of this Court that the power of appointment contained in Item IV (e) of the will was a general power of appointment and the property passing in trust under Item IV of the will of the late E. Charles Hawes qualifies for the marital deduction.

It is hereby ordered, adjudged and decreed that the defendant shall refund to the plaintiff the amount of $27,924.-54, plus interest thereon.

It is so ordered.

### AMENDED JUDGMENT

Pursuant to the Court's Order of December 29, 1967, it is hereby,

Ordered, adjudged and decreed that the plaintiff shall recover of the defendant the sum of $27,806.91, plus interest provided by law.