Broach, adm'r, vs. Kitchens.

| 23 | 515 |
|---|---|
| 126 | 744 |

| 23 | 515 |
|---|---|
| e128 | 692 |

CALVIN BROACH, adm'r, etc., plaintiff in error, vs. BOAZ KITCHENS, defendant in error.

A testator, in items, two, three and four, of his will, gave all of his property to his wife. Items five and six, were as follows: "Item 5th. It is my will and desire, that my beloved wife, Rachel Broach, shall have full power to dispose of, a part, or all of the above described property, in any manner she may think proper, and enjoy it in any way she may think fit, during her natural life, and after her death, I wish it equally divided between my beloved children, Robert Broach, John Broach, Hamilton Broach, Mary Ann Broach, and Calvin Broach."

"Item 6th. I give and bequeath unto my beloved daughter, Martha Morris, one hundred dollars, to be paid out of my estate, after the death of my beloved wife, Rachel Broach, as her distributive share of my estate."

*Held,* That Rachel Broach did not take a greater estate than for her life, nor power to dispose of a greater estate than for her life.

Action to recover land, in Jones Superior Court.   Tried before Judge HARDEMAN, April Term, 1857.

This was an action, (in the form prescribed by Act of 1847) by Calvin Broach, administrator *de bonis non.* with the will annexed, of George Broach, deceased, against Boaz Kitchens, to recover a tract of land containing two hundred and twenty-five (225) acres, situated in the county of Jones.

The defendant pleaded the general issue and statute of limitations.

Plaintiff first offered in evidence, the will of George Broach, deceased, by the 2d, 3d and 4th items of which he gave all his estate to his wife Rachel Broach, and the 5th item of which is as follows:

"It is my will and desire that my beloved wife, Rachel Broach, shall have full power to dispose of a part or all of the above described property, in any manner she may think proper, and enjoy it in any way she may think fit, during her natural life, and after her death, I wish it equally divided between my beloved children, Robert Broach, John Broach, Hamilton Broach, Mary Ann Broach and Calvin Broach."

Plaintiff then offered in evidence, three *fi. fas.*, from the Superior Court of Jones county, against Charles H. Brooks, and under which the land in dispute was sold, and a deed from the Sheriff to George Broach for the same.   Proved the *locus,* that the defendant had made two crops on the premises; about 100 acres cleared, and worth two dollars and fifty cents per acre, and closed.

Defendant offered in evidence, a deed from Rachel Broach executrix of George Broach, deceased, and Hamilton Broach and Calvin Broach, legatees under the will of said George Broach, to John M. Broach, conveying to him said land in fee and warranting the title; reciting the consideration to be $900, dated 3d December, 1849.   Recorded 29th July, 1856.

*Spencer Owens,* one of the subscribing witnesses to the deed, proved that he saw it signed and delivered, but saw no

money paid; he was sent by Rachel Broach and John M. Broach, to Robert Broach, co-executor of said Rachel, with the deed, and requested him to sign it, which he refused to do; brought back the deed to Rachel, and told her that he would not sign it; John M. Broach was then present; Rachel Broach then tore up the deed, and the other deed, to which he was a subscribing witness, was then drawn up and signed by the parties. It was remarked at the time, that Calvin Broach would not be of age for several days; it was understood that Rachel Broach had only a life estate in the land.

*Hamilton Broach* proved that the estate of George Broach was indebted to John Broach, from 300 to $350, and John owed George Broach's estate, near $200, the balance of the consideration of the deed made by himself, Rachel and Hamilton Broach, was made up of a debt due by Rachel to John Broach for supplies furnished for a farm cultivated by Rachel and John, which John was to have furnished himself, but failed to do. Calvin Broach was born 19th December, 1828. There were five heirs of George Broach, besides his widow, Rachel. The land is worth $1500; John Broach knew when he bought the land, that Rachel only had a life estate, for he admitted that he had taken legal advice on the subject, and was so advised before he purchased.

John Broach died, after he bought the land, without children, leaving a widow, who afterwards married Elisha King

Defendant then offered in evidence, a deed from Elisha King to defendant, for said premises, dated 21st September, 1852.

Plaintiff, in reply, proved that defendant had admitted that Rachel Broach had but a life estate in the land; knew the titles were not good, but that he was protected by King.

The testimony being closed, the Court charged the jury as follows:

"As a legatee under the will of George Broach, Mrs. Broach

35

had a right to dispose of this land as she thought proper, and was only bound for the proceeds of sale, not used by her at her death, or for such property as she may have purchased with the proceeds.

In relation to Calvin Broach being a minor, when he joined in the deed to John Broach, I charge you that the deed of an infant is not void, but voidable. That Calvin had a right on his attaining lawful age, to avoid his deed. That the right of an infant to avoid his deed, must be asserted in a reasonable time after his coming to the age of twenty-one years. It is for you, gentlemen of the jury, to say whether that right has been insisted upon by Calvin Broach, within a reasonable time, if so, he has a right, so far as he is concerned individually, to avoid the deed.

To defeat the title of defendant, he must not only have known there was only a life interest in Rachel Broach, but that she had appropriated the proceeds to her own use in fraud of the estate of George Broach, deceased."

In charging the jury on the 5th item of George Broach's will, the Court said, "that by the words, 'dispose of,' in said item, the widow had the right to sell any or all of the property of said estate, absolutely and in fee simple, for her enjoyment during her natural life, and that the remaindermen were entitled to the money or other property purchased therewith, and not to the property sold by her."

To all of which charges the plaintiff excepted.

The jury found for the defendant, and plaintiff's counsel tenders his bill of exceptions, and assigns as error, the charges set forth and excepted to.

Poe & Grier, by Judge Nesbit, for plaintiff in error.

Rutherford, for defendant in error.

*By the Court.*—Benning, J. delivering the opinion.

The whole will is to be taken together, and to every part of it, operation is to be given, if possible, but, if this is not possi-

ble, then, in the necessary conflict of parts, the later part must prevail over the earlier.

In sections two, three, and four, of his will, the testator gives his land, negroes, stock, and all the rest of his property, (as far as appears,) to his wife.

The fifth and sixth sections are as follows:

"It is my will and desire, that my beloved wife, Rachel Broach, shall have full power, to dispose of a part, or all of the above described property, in any manner she may think proper, and enjoy it in any way she may think fit, during her natural life; and, upon her death, I wish it equally divided between my beloved children, Robert Broach, John Broach, Hamilton Broach, Mary Ann Broach, and Calvin Broach."

"Item 6th. I give and bequeath unto my beloved daughter, Martha Morris, one hundred dollars, to be paid out of my estate after the death of my beloved wife, Rachel Broach, as her distributive share of my estate."

The gift of the remainder, in the latter part of the fifth, and of the $100 in the sixth, of these two sections, is *absolute*; the gift is not made to depend on, whether the wife may not have "disposed of" the property.

Now, to say that the wife took more in the property, than an estate for her life, that is to say, that she took a fee in it, would be to say, what would render these two parts of the will inoperative.

To say that she took an estate only for her life, but took it with a power to dispose of the fee, would be to say what might, and what would, in the present case, have, to some extent, the same effect, for the wife, it seems, did "dispose of" the land sued for in the present case.

These two parts of the will are the last parts of the will. Nothing follows them except the clause in which the executors are named, and in that clause, not the wife solely, but she and one of the *children*, are appointed the executors, a fact

favorable to the idea that, the whole property was not to be hers, or in her power, to do with as she pleased.

If then, there is any conflict between these two parts of the will, and the previous parts, in which the testator gives the property, generally, to his wife, these two must prevail over those.

But is there really any such conflict? I can hardly think so. Items two, three, and four, contain an *incomplete* expression of the testator's will. Items five and six, contain what *completes* the expression of that will. This seems to be all. And taking the parts together, they appear to amount to no more than this, "I give to my wife, an estate for her life in all of my property, and the remainder, I give to my children, Robert Broach, etc., subject to a legacy of $100, to my daughter. Martha Morris."

We think, then, that what Mrs. Broach took by the will, was only an estate for her life. And this is our opinion, whether the expression in the fifth item, be, "*or* enjoy," or be, (as it is in the transcript,) "*and* enjoy."

It is true, that if this be the view taken of the will, the words, "power to dispose of," are rendered superfluous. But the use of superfluous words, is frequent. And it may have been, that the *testator* did not consider these words superfluous; for it is a common opinion, that the right to "enjoy" property, does not include the right to "dispose of" the property. The testator, therefore, may have thought, that power to his wife, "to enjoy" during her natural life," (the words strictly taken, do no more than confer a *power to enjoy*,) was not power "to dispose of" during her natural life." At any rate, this is what he said, if grammatical construction is to govern, for grammar makes "*during her natural life*" qualify as well "*to dispose of*," as "*to enjoy*." "*To dispose of*," therefore, can, at most, be only superfluous.

Mrs. Broach, then, considered as a *legatee*, took, as we think, only an estate for her life, therefore, considered as *a legatee*, an estate for her life was all that she could sell.

Considered as *executrix*, she took no power of sale by the will, and none was conferred on her by the Court of Ordinary. Therefore, any sale by her as executrix, was without authority, and any act of an executor, done without authority, is void, and any act done by an executor, that is merely void, cannot amount to an act of administration.

It follows, that the remainder in the land, after the termination of the life estate of Mrs. Broach, was assets to be administered by the administrator *de bonis non*; and, therefore, that he was entitled to recover the land in suit. At her death, a money legacy fell due.

We think, then, that the charge of the Court below was wrong, and therefore, that the plaintiff in error, is entitled to a new trial.

The plaintiff sues as *administrator de bonis non*. In that character, he is entitled to recover. It is, therefore, needless to consider the questions, on the law of infancy.

Judgment reversed.