SCARBROUGH *v.* BELL, administrator.

ATKINSON, Presiding Justice. 1. "Where by an order entered in term the hearing of a motion for a new trial is set for a particular day in vacation, that day, relatively to such motion, is, in legal contemplation, a continuation of the term at which the order was granted." *Atlanta, Knoxville & Northern Railway Co.* v. *Strickland*, 114 *Ga.* 998 (41 S. E. 501); Code of 1882, § 3719; Code of 1933, § 70-301; Ga. L. 1889, p. 83; *Grady* v. *Hightower*, 1 *Ga.* 252; *Johnson* v. *Bemis*, 4 *Ga.* 157; *Herz* v. *Frank*, 104 *Ga.* 638 (30 S. E. 797); *Eady* v. *Atlantic Coast Line Railroad Co.*, 129 *Ga.* 363 (58 S. E. 895).

(*a*) Whether the order for hearing in vacation does or does not fix a definite time for hearing, the trial of the parent case must have been completed during the term by rendition of the verdict. The sole office of the motion for a new trial is to set aside the verdict, and such motion must be filed during the term. Code, § 70-301. Retention of jurisdiction to hear the motion for a new trial after the term has ended extends only to such matters as may properly become a part of the motion for a new trial. As to matters pertaining to the main case, apart from the motion for new trial, jurisdiction in vacation could attach no more than it could, after grant of a new trial, to

proceed in vacation de novo with organization of a jury and a second trial of the main case.

(*b*) Allowance of an amendment to an affidavit of illegality to a mortgage foreclosure, and refusal to overrule a motion to dismiss such affidavit of illegality, to which exceptions pendente lite were duly filed, may not be complained of in a motion for a new trial. *Nicholls* v. *Popwell*, 80 *Ga.* 604 (6 S. E. 21) ; *Willbanks* v. *Untriner*, 98 *Ga.* 801 (25 S. E. 841) ; *Tompkins* v. *American Land Co.*, 139 *Ga.* 377 (2) (77 S. E. 623). Consequently an order, granted during the term at which a motion for a new trial is filed, to extend the time of hearing the motion beyond the term and into vacation, will not in legal contemplation extend the term as to the original case or as to such allowance of amendment or refusal of a motion to dismiss the affidavit of illegality, so as to afford jurisdiction of the court to deal with those matters in vacation.

(*c*) The above ruling sufficiently answers the questions propounded by the Court of Appeals.                    *All the Justices concur.*

No. 13889.  NOVEMBER 12, 1941.  REHEARING DENIED DECEMBER 2, 1941.

*P. Q. Bryan,* for plaintiff in error.
*Robert E. Cheshire* and *Hoyt H. Whelchel,* contra.