## Townsley *v.* Townsley *et al.*

Wyatt, Justice. Janie Boxton Townsley filed her petition in equity against W. Cleveland Seigler as executor of the will of Robert Townsley, praying for an assent to the devise and bequest to Janie Boxton Townsley, and for injunction. Seigler, as executor, answered and prayed for a construction of the will in question. Nathaniel Townsley duly

intervened. To the judgment of the trial court construing the will, plaintiff in error excepts. *Held:*

The only question presented to this court is whether or not the trial court correctly construed the will in question. The portion of the will here involved reads as follows: "I give, bequeath and devise all of my property, both real and personal, of whatever kind and wherever situated to my beloved wife, Janie Boxton Townsley, for her use and benefit for and during her natural life or until she should marry again if she should so wish and she has the right to sell, borrow money or dispose of, do anything in reference thereto that she may deem proper without any order of court and without consent, control or interference with her by any other person, subject only to' the obligation upon her to pay the taxes, keep the property insured, and preserve it in such way as she may deem best and proper and without liability to any other person for waste or mismanagement. Item IV—At the death of my said wife or at the time she should marry again it is my will and desire that all of my property, both real and personal not disposed of by said wife and not used by her under the provision of Item III of this will be sold by my executor hereinafter named, and the proceeds of the same be divided between my said wife and my two children, to wit, Nathanial Townsley and Elizabeth Townsley, share and share alike. Under this provision my wife and each one of said children to receive one-third of my estate. Should my wife or either one of said children die, then the share of such deceased shall go to the survivor of the three. Item V—If neither of my two children should be in life at the time of my wife's decease, then it is my will and desire that the proceeds of the sale of my property as herein provided shall be divided among my mother and my sisters, namely, Rinday Townsley, Vinella Jenkins, Mattie Witherspoon, Vivian Brothers, Louise Brown, Sarah Atkins, Julia Townsley, share and share alike or to the survivor of them." The language of the judgment of the trial court here excepted to is as follows: "That under the terms and provisions of the said will of the said Robert Townsley, said decedent bequeathed and devised all of his property, both real and personal, to the petitioner, Janie Boxton Townsley, for her use and benefit for and during her natural life, or until she should marry again, if she should so wish, she having the right under said will to sell, borrow money on, or dispose of, or do anything in reference to said property that she may deem proper, without any order of court, and without consent, control, or interference from any other person. That, under the terms and provisions of said will, the petitioner, during her widowhood, is entitled to the exclusive control and management of said property, with the right to encroach upon the corpus, sell and dispose of any part or all of the property bequeathed and devised under said will, or do anything in reference thereto that she may desire, without control or interference from any person or court." It is contended that the language, "subject only to the obligation upon her to pay the taxes, keep the property insured and preserve it", contained in Item III of the will, has the effect of limiting the power of encroachment. It is contended that the power of encroachment can be exercised only for the purposes enumerated in the last above quotation. The

plaintiff in error cites and relies upon Code § 113-407, *Rogers* v. *High-note*, 126 *Ga.* 740 (56 S. E. 93), and *Kimbrough* v. *Smith*, 128 *Ga.* 690 (58 S. E. 23), as being controlling on the question here under consideration. The effect of these authorities is to provide that, "If two clauses of a will are so inconsistent that both cannot stand, the latter will prevail." This rule has no application to the case now under consideration. Item III of the will, in effect, devises to Janie Boxton Townsley a life estate in the property of the deceased, with full and complete power of disposal. The clause requiring her to pay the taxes and keep the property insured has no reference whatever to her power of disposal, but simply places the obligation upon her to pay the taxes and keep the property insured so long as the property is not disposed of. The requirement, "and preserve it," is followed by the language, "in such way as she may deem best and proper without liability to any person for waste or mismanagement." Item IV of the will provides that, upon the death or marriage of Janie Boxton Townley, the property of the estate "not disposed of by my wife and not used by her" shall be sold. This is the last expression contained in the will concerning the power of disposal. As has been so often said by this court, each will case must stand on its own bottom and decisions in other cases are of little and doubtful help. Taking the language of this will as a whole, it is difficult to conceive of language that would express a more clear intent to give to a wife during her lifetime complete control and power of disposal of the property devised under the terms of the will than that here used by the testator. It follows, the judgment excepted to was not error.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., and Almand, J., not participating.*

No. 17921. ARGUED JULY 14, 1952—DECIDED SEPTEMBER 2, 1952.

*Bell & Bell,* for plaintiff in error.
*Boller & Yow* and *J. Paul Stephens,* contra.