22017. WILLIAMS v. JONES, Executrix.

Argued May 13, 1963—Decided May 29, 1963.

*Jesse A. Drake,* for plaintiff in error.
*Broughton C. Hays, Perry, Walters & Langstaff,* contra.

Grice, Justice. Construction of testamentary powers as to use and disposition of life estate property poses the question here.

It arose when Audrey T. Jones, the widow of Julian C. Jones and legatee, devisee and executrix under his will, filed a petition in the Superior Court of Miller County for construction of Item IV of such will, naming his daughter Barbara Jones Williams as defendant and reciting a controversy over that provision.

Item IV provided as follows: "I will, bequeath and devise all of the remainder of my property, both real and personal to my wife, Audrey Thomas Jones, for her use and benefit for and during her natural life, with remainder over at her death to my daughter, Barbara Jones Williams. However, my wife, Audrey Thomas Jones, shall have the right to sell, borrow money on,

dispose of, do anything in reference thereto that she may deem proper, without any order of court and without the consent, control or interference with her by any other person. It being my intention for her to have the right to do anything she desires with said property, but it also being my desire that any property not used by her or disposed of by her, become the property of my daughter, Barbara Williams upon the death of my wife."

The widow's contention is that while under this item she holds only a life estate, she also has unlimited power and authority to do anything she desires to do with the property, including the right to use, consume and dispose of by gift or otherwise any part or all of it without limitation, and that upon her death the daughter takes any portion of it which may not have been disposed of as aforesaid by the widow during her lifetime.

On the other hand, the daughter contends that under this item the widow has only a life estate with a limited right to use and consume only such part or all of the property as is necessary for her maintenance and support and that the widow is otherwise confined to the rights of a life tenant.

The trial court upheld the widow's position, construing this provision of the will as follows: ".  .  . as giving to the widow a life estate but with full power of use and disposition of the property including the right to consume, sell, mortgage or give away the property as she might desire without any person having any right to question what she might do with the property and that the remainder in favor of the daughter would apply only to the property which the widow had not so used or disposed of at the time of her death but this power of disposition would not include the right of the widow to dispose of the property by will."

It is our view that the construction given by the trial court is correct.

Here, the testator was empowered by *Code* § 113-106 to "make any disposition of his property not inconsistent with the laws, or contrary to the policy of the state." He granted his wife a life estate, but in the broadest of language also gave her the power during her life to use or dispose of the property as if she owned it absolutely. Therefore, the remainder to his daughter would actually operate upon what the widow left at her death. This

meaning we gather from a consideration of the language used.

However, this interpretation is supported by the holding of this court in *Townsley v. Townsley,* 209 Ga. 323 (72 SE2d 289), two justices not participating. There the language of the will was: "I give . . . all of my property . . . to my beloved wife . . . for her use and benefit for and during her natural life or until she should marry again if she should so wish and she has the right to sell, borrow money or dispose of, do anything in reference thereto that she may deem proper without any order of court and without consent, control or interference with her by any other person, subject only to the obligation upon her to pay the taxes, keep the property insured, and preserve it in such way as she may deem best and proper and without liability to any other person for waste or mismanagement . . . At the death of my said wife or at the time she should marry again it is my will and desire that all of my property . . . not disposed of by said wife and not used by her . . . be sold by my executor hereinafter named, and the proceeds of the same be divided between my said wife and my two children . . ."

Construing that language to empower unbridled use and disposition by the wife, this court said, "Taking the language of this will as a whole, it is difficult to conceive of language that would express a more clear intent to give to a wife during her lifetime complete control and power of disposal of the property devised under the terms of the will than that here used by the testator." An even clearer intent appears in the language of the will in the case at bar.

*Judgment affirmed. All the Justices concur.*