22670. COUSINS, Administratrix v. BRACKETT, Administrator.

ARGUED OCTOBER 13, 1964—DECIDED NOVEMBER 5, 1964.

*Pauline E. Cousins,* for plaintiff in error.
*Wm. F. Brackett, Claud F. Brackett, Jr.,* contra.

ALMAND, Justice. The case under review is a final decree construing the will of C. C. Ranson, which was probated in 1929. After devising to his wife, Carrie S. Ranson, a described tract of

land and proceeds of all insurance policies in fee simple, he made further provision for his wife in item 4 as follows: "It is my will and I desire that my beloved wife shall have a life estate in the remainder of such property as may be left after the above and foregoing items have been set apart to her, for the uses therein stated; that she may have the use, the profits and income from said remainder of my estate for and during her natural life, said estate consisting of cash, notes, real estate, bonds or other personal or real property." In item 6 he provided: "that at the death of my wife, Carrie S. Ranson, the remainder of my estate as aforesaid of which she has had the use and profits and benefits during her natural life shall go to and become the property of my brothers and sisters or such heirs as shall survive my brothers and sisters."

His wife was named as executrix. After her death in 1962, testate, Brackett, as administrator de bonis non cum testamento annexo of the estate of C. C. Ranson, brought his petition against the executor of the estate of Carrie S. Ranson. In his petition it was alleged: that upon the death of C. C. Ranson, his wife, as executrix, took possession of $13,282.28 and 35 shares of Georgia Power Company stock; that during the lifetime of Carrie S. Ranson she encroached upon the corpus of the estate in which she only had a life interest, and at the time of her death there remained in the estate only the sum of $1,412.29 and the 35 shares of stock.

The petitioner asserted that under item 4 of the will the wife only received a life estate in the personal property, but the executor of the wife's estate asserted that the wife had the right to encroach upon the corpus. The prayers were that the defendant executor of the wife's estate be required to account to petitioner for all moneys received by Carrie S. Ranson and that the petitioner have judgment against her estate.

The defendant executor filed his answer in which he asserted that the moneys used or consumed by the wife from the corpus of the husband's estate were to pay medical and hospital bills and other necessities.

The case was tried upon a stipulation of fact with the right reserved to the defendant to submit additional evidence if the court deemed such as being relevant.

It was stipulated by the parties that Carrie S. Ranson, during her lifetime, had withdrawn from the corpus of the husband's estate the sum of $10,512.62.

The court decreed that the wife, under item 4 of her husband's will, received only a life estate in the money and stock, and was granted only the right to the use, profit and income, but not the right to encroach upon the corpus, and entered a judgment in favor of the petitioner for the sum stipulated to be the amount of the encroachment.

■ On the trial, the defendant executor offered in evidence (a) the wedding invitation of Carrie May Sladen to Corbin Cornelius Ranson, dated February 14, 1918; (b) the medical record of Mrs. C. C. Ranson; (c) the certificate of Mrs. C. C. Ranson's death; (d) the hospital bills of Mrs. C. C. Ranson; (e) Mrs. C. C. Ranson's canceled checks from 1960 to 1962; (f) Mrs. C. C. Ranson's bank statements and (g) rents collected by her agent. Objections were made to the introduction of these documents on the ground that they were not relevant to illustrate the intention of the testator or the circumstances surrounding the making of his will. The objections were sustained by the court and error is assigned on this ruling.

The court did not err in refusing to admit the proffered documents because none of the documents in time or place were a part of the circumstances surrounding the testator at the time of the execution of the will.

■ The primary question is: Was it the intent of the husband, in item 4 and item 6 of his will, that his wife should have the right to dispose of or consume the cash remaining in the estate where he bequeathed the same to her "that she may have the use, the profits and income" for and during her natural life and at her death the remainder "of my estate as aforesaid of which she has had the use and profits and benefits during her natural life" to go to his brothers and sisters?

In *Wood v. Davis*, 168 Ga. 504 (148 SE 330) it was held that a devise and bequeath by a testator to his son for and during his life "the use, income and profits" from certain described real and personal properties meant that the life tenant was only entitled to whatever income the property produced. To the same

effect see *Hirsch v. Hirsch,* 216 Ga. 379 (116 SE2d 611). This court, in *Comer v. C. & S. Nat. Bank,* 182 Ga. 1, 9 (185 SE 77) held that in a will bequeathing property to one for life, the verb "use," standing alone, does not imply a particularly broad power of disposition. A gift by a testator to his wife for her life of the entire income from his estate is the equivalent of a life estate. *Gilmore v. Gilmore,* 197 Ga. 303 (3) (29 SE2d 74).

We find nothing in the will under consideration that authorized the wife to dispose of or consume the estate during her lifetime. By the use of the words "she may have the use, the profits and income" of the moneys, it was the intent of the testator that she receive only the income from the estate and at her death this remainder should go to his brothers and sisters.

The decree of the court being correct, it is

*Affirmed. All the Justices concur.*