23826. HIX v. HIX.

Argued December 12, 1966—Decided January 19, 1967.

*Frank D. Smith, Jr.,* for appellant.

*Cook & Palmour, A. Cecil Palmour,* for appellee.

COOK, Justice. The appellant contends that the power of sale with reference to the "homeplace and farm," included in Item Three of her husband's will, vested in her a power to sell the property if within her discretion she determined that it was necessary for any reason, and that the court should not restrain the execution of this power unless an abuse of discretion, bad faith, or fraud was shown. It is conceded by the appellant that the evidence was sufficient to authorize the trial judge to find that there was no necessity for her to sell the property for her maintenance and support. The evidence, in fact, indicated that the value of the testator's estate had increased, rather than decreased, since his death. It is the appellant's contention that there was uncontradicted evidence that it was detrimental to her health to continue to live at her home, and that this authorized her to sell the property, under a correct legal construction of the will.

Unquestionably, the will of William A. Hix devised a life estate to his wife, and the power to sell and dispose of the property did not enlarge her estate to a fee simple title. *Bienvenu v. First Nat. Bank of Atlanta,* 193 Ga. 101 (1) (17 SE2d 257). "A power and the mode of its exercise, when the latter has the effect of cutting out remaindermen, must be strictly construed." *Cochran v. Groover,* 156 Ga. 323, 339 (118 SE 865); *Keen v. Rodgers,* 203 Ga. 578 (7) (47 SE2d 567); *Jenkins v. Shuften,* 206 Ga. 315 (2) (57 SE2d 283).

The will authorized the appellant to use and dispose of any property of the testator except the "farm and homeplace." The testator expressly stated that he desired that she not sell this property, and he devised the property to his nephew, Lowell Hix, as remainderman, in fee simple. He authorized the appellant to sell the property "in the event it shall become necessary," but did not indicate in any way what necessity would authorize

her to sell it. No ruling has been made by the trial judge on the construction of this ambiguous language. On the trial of the case evidence may be admitted, if any is available, to explain or clarify this ambiguity. *Code* § 113-807; *Watts v. Finley*, 187 Ga. 629 (3) (1 SE2d 723).

There was no error in denying the motion for summary judgment, and the judge was amply authorized to continue in effect the temporary restraining order until the issues could be submitted to a jury.

*Judgment affirmed. All the Justices concur.*