24174, 24175.   PICKETT, Executor v. FIRST NATIONAL BANK OF ATLANTA, Executor (two cases).

ARGUED JULY 10, 1967—DECIDED JULY 14, 1967.

508

*P. T. McCutchen, Avary Dimmock, Jr.,* for appellant.

*Spence & Milam, Herman J. Spence, Bobby C. Milam, Sidney Haskins,* for appellee.

NICHOLS, Justice. The will, after making certain specific bequests, provided: "Third: I hereby appoint my wife, Mrs. Mira DeBord Arp, McCaysville, Georgia, executrix of this my last will and testament to serve until her death and that she has full power to manage, govern, and otherwise enjoy all the rest of. the residue of my estate until her death, and after her death I hereby appoint Vernon B. Pickett, of McCaysville, Georgia, executor of this my last will and testament and that all the foregoing request be complied with promptly after my death or as soon thereafter as possible.

"Fourth: After all the above has been complied with and after all my grandchildren have reached the age of twenty-one (21) years of age it is my request that all the remainder of my estate be divided equally between all of my grandchildren then living."

The issues presented are whether such provisions authorized an encroachment for the support of the widow Mrs. Mira DeBord Arp, and if so was it the duty of her guardian and the administrator de bonis non cum testamento annexo to expend the corpus of the estate of her husband rather than her separate estate for her support.

The appellant does not contend the will granted more than a life estate, but does contend that a proper construction of the will requires a decision that the right of encroachment for her support was contained therein.

Item Three of the will, after appointing the testator's wife

as executrix to serve until her death, gave her "full power to manage, govern, and otherwise enjoy all the rest of the residue of [the] estate until her death." In *Broach v. Kitchens,* 23 Ga. 515, it was held that the words of a will authorizing a wife "to enjoy" during her natural life did not authorize her to "dispose" of the estate other than her life estate. In *Bowman v. Long,* 26 Ga. 142, 146, it was held: "In a life estate, the tenant is entitled to have the possession of the property for his own enjoyment; and all that the remainderman can require, is, that the 'corpus' of the property shall be kept in preservation, to be delivered to him on the termination of the life estate. . . Of course, this rule must be subordinate to the rule that the *corpus* is to be so kept, that it shall be *preserved* for delivery to the remainderman, on the termination of the life estate. The law has ways by which it can effect this object, and yet, not deprive the life tenant of the use and profits of the property, during his life. It can require him to give security for the forthcoming of the property, at the termination of the life estate."

In Re Woods' Estate, 251 App. Div. 141 (295 NYS 718), it was held: "The word 'manage' is a broad term; in general it means to have the subject under one's control and direction. It is said in City of Newburgh v. Dickey, 164 App. Div. 791, 792 (150 NYS 175, 177): 'Manage and control are somewhat synonymous words. Manage means to direct, control, govern, administer or oversee.' "

"When applied to money placed in the hands of another, 'manage' is a word of trust and confidence." 55 CJS 1.

The three words controlling the use of the estate given the widow "manage—govern—enjoy" neither individually nor collectively import any right of encroachment upon the corpus of the life estate. Nor does the use of the word "residue" in one item of the will and the synonym "remainder" in another import any right of encroachment upon the corpus of the estate where no right of encroachment appears elsewhere in the instrument and the will as a whole shows no such intention on the part of the testator.

The trial court did not err in finding that no right of encroach-

510

ment was created by the will and, since no such right existed, the guardian of Mrs. Mira DeBord Arp could not have expended a part of the corpus of the life estate for her support.

*Judgment affirmed. All the Justices concur.*