26170. PARKER v. SPURLIN.

Argued November 9, 1970—Decided January 7, 1971—
Rehearing denied January 21, 1971.

*Reinhardt, Ireland, Whitley & Sims, Bob Reinhardt, Floyd H. Wardlow,* for appellant.

*Marion L. Bridges, David C. Jones, Clarence A. Miller,* for appellee.

Almand, Chief Justice. This appeal is from an order overruling a motion for a judgment notwithstanding the verdict, and the amended decree of July 31, 1970.

Thomas E. Spurlin, in his amended complaint, names Annie Hazel Spurlin Parker and the Cordele Sash, Door & Lumber Company as defendants. The complaint alleges in substance the following facts: Petitioner is the grandson, and defendant the daughter of the late T. A. Spurlin. In his last will and teatament, Mr. Spurlin devised a tract of land in Worth County, which contained 490 acres to his widow, Josephine P. Spurlin, "for and during the term of her natural life or during widowhood." Item III of the will

provided: "If my wife does not marry then she is to have, hold and receive all of [sic] property until she dies then in that event the remainder and residue of all of my property shall go and descend to my daughter and son share and share alike. If my said wife should desire to sell any or all of my said property I hereby give her the right to do so free of any and all claims of the remaindermen in this and that too without the order of any court whatever and at either private or public sale and without advertising. I hereby grant unto my said wife to handle all of my estate during her natural life and during widowhood absolutely as she sees fit and deems proper. The same is left with her with full confidence that she will at all times act in the utmost good faith, to said Estate and to the remaindermen. I further direct that she use the same as she sees fit and deems proper and that she be not chargeable with waste."

The complaint further alleges that at the time of the death of the testator, the remaindermen were the petitioner's father Earnest Spurlin, and the defendant, Annie Spurlin Parker. On the death of Earnest Spurlin, petitioner succeeded to all the rights of his father as remainderman. The defendant procured, from the life tenant of the property, a warranty deed to the 490-acre tract of land, and the consideration given for that deed was spurious and grossly insufficient. It was further alleged that the deed was obtained from the grantor as the result of undue influence practiced upon her when she was not possessed of her mental faculties. At the time of this transaction, a confidential relationship existed between the defendant and the grantor, her mother. At the time of the conveyance, the grantor was 80 years old and almost totally blind.

The complaint alleged finally that the defendant had granted a timber lease on such property to the other defendant, Cordele Sash, Door & Lumber Company (hereinafter referred to as Cordele), and that Cordele negotiated such lease with full knowledge of petitioner's claims and rights.

The prayers of the amended petition were: (a) That the court construe the last will and testament of T. A. Spurlin; (b) that a constructive trust be impressed upon the real and personal property in the hands of the defendant Parker to the extent of an un-

divided one-half interest; (c) that defendant Cordele be restrained from cutting and removing timber from the subject tract.

The defendants, in their answers denied the material allegations of this complaint.

On the trial of the case, the defendants moved for a directed verdict after the introduction of all the evidence. That motion was denied. The jury found for the plaintiff, and a decree was entered on this verdict November 22, 1968.

On November 27, 1968, a motion for a judgment notwithstanding the verdict was filed on behalf of the defendant, Parker. While this motion was pending, the court, on its own motion, entered an order amending the earlier decree on July 31, 1970. On August 5, 1970, the court dismissed the motion for a judgment notwithstanding the verdict.

Error is enumerated on: (a) the denial of the defendant's motion for a directed verdict; (b) the decree of November 22, 1968 which approved the verdict; (c) the order of July 31, 1970 which amended the earlier order; and (d) the overruling of the defendant's motion for a judgment notwithstanding the verdict.

■ (a) We consider first the contention that the court erred when, by its own motion, it set aside the decree of November 22, 1968, and substituted the amended decree of July 31, 1970. After the jury returned a general verdict in favor of the plaintiffs, the court entered a decree thereon. In that decree, it was ruled that the will of T. A. Spurlin gave his widow the right to sell the real estate involved here, or any portion thereof. It was then ruled that the conveyance of the fee by the life tenant to the defendant passed no title and the sale was declared null and void. Defendant Cordele was enjoined from removing any timber from the tract.

In its amended decree, the court held that, since the grantor (the life tenant) was not a party to the proceedings, a cancellation of the deed was not authorized. It was decreed, instead, that the plaintiff's remainder interest in the tract was unaffected by the deed from the life tenant to the defendant, and that, "the undivided one-half remainder interest of plaintiff in said real property shall be held by Annie Hazel Spurlin Parker in trust in favor of plaintiff, Thomas E. Spurlin, without impairment or depletion, until the death of Josephine P. Spurlin at which time plaintiff's

undivided one-half interest shall be delivered to said plaintiff."

The amended decree is in accord with the pleadings of the plaintiff. The amended petition did not pray for a cancellation of the life tenant's deed, but prayed that a, "constructive trust be impressed on the real and personal property in the hands of Annie Hazel Spurlin Parker as described above, in favor of petitioner to the extent of an undivided one-half interest."

It is contended that the court had no authority to set aside or amend the decree during a term subsequent to the one in which the original decree was rendered.

During the term in which the final decree was rendered, the defendant filed her motion to "set aside the verdict and the judgment entered thereon" and to enter a judgment in accordance with her motion for a directed verdict. The pendency of this motion kept the term of court open. *Scarbrough v. Bell,* 193 Ga. 255 (17 SE2d 732). The court had the authority to amend the decree to conform to the verdict. *Code* § 110-311 (Ga. L. 1902, p.55).

(b) It appears from the record, that upon the death of petitioner's father, Earnest Spurlin, his one-half remainder interest in the 490-acre tract passed to his surviving wife and the petitioner. It does not appear from the record that the widow of Earnest Spurlin has ever divested herself of this remainder interest. However, the final decree provides that a constructive trust is impressed upon the property in favor of the petitioner for his undivided one-half interest. We therefore direct that the decree of the trial court be amended so that it will reflect what interest, if any, the petitioner's mother still has in the property.

■ Appellant urges that petitioner's claim is barred by the statute of limitation and laches. This claim is based on the fact that the deed from the life tenant to the defendant was recorded in 1955, when the petitioner was sui juris; yet the petitioner waited until 1966 to file his claim. During this interval, the attorney who prepared the deed in question and the other witness died.

Any attack on a petition based on either the statute of limitation or laches must be raised by an affirmative plea or by the defendant's answer. *Hunnicutt v. Archer,* 163 Ga. 868 (137 SE 253); *Lee v. Holman,* 184 Ga. 694 (193 SE 68). Neither defense was affirmatively raised in this case.

■ We turn now to the defendant's contention that the court erred in denying her motion for a judgment notwithstanding the verdict.

The following facts support the jury's verdict (although some of them were disputed on the trial). In 1955, when Mrs. Spurlin executed the deed under attack, she was 80 years old, practically blind, feeble, suffered from heart trouble, high blood pressure and a lack of memory. The defendant had, for some years, looked after her business affairs. The defendant obtained a 122-acre tract of land near Sylvester from Mrs. Spurlin at a time when Mrs. Spurlin had granted to the defendant a power of attorney to manage her affairs. A confidential relationship existed between the defendant and her mother. The deed under attack was executed in 1955 for a consideration of $8,000. Several witnesses testified that in their opinion the land, in 1955, was worth in excess of $50,000. In 1954, Mrs. Spurlin was offered $50,000 for the tract. At the time the deed was executed, the defendant gave Mrs. Spurlin two checks totaling $4,000; and executed two notes in the principal amount of $4,000 bearing interest at a rate of 8% per annum from maturity.

"The rule that a presumption of undue influence arises, so as to cast on the grantee the burden of showing its absence, in those cases where the parties sustained a confidential relationship, the grantor being of weak mentality, and the party reaping the benefit occupying a dominant position, has been often recognized by the courts and applied to various relationships, including that of confidential adviser." (Citations omitted). *Trustees of Jesse Parker Williams Hosp. v. Nisbet,* 191 Ga. 821 (14 SE2d 64). "The rule that undue influence is not to be presumed from the mere relation of parent and child, in case of a conveyance from a parent to a child, does not conflict with the broad rule that where parties stand in confidential relation to each other a conveyance from the weaker to the dominant party is presumed to result from undue influence. Therefore, where facts are shown, other than the mere relation of parent and child, establishing between the parties a confidential relation in which the child is the dominant party, a conveyance from the parent to the child is presumed to be tainted with undue influence, and the burden is upon the child to show

the bona fides of the transaction." 39 AmJur 745, § 100. "The learned Chancellor seems to have laid down the sound rule, and the only rule which can protect, effectually, weak men from the machinations of artful men of superior mind, viz.: that upon proof of weak mind, and that the instrument was executed without consideration, or was improvident or profuse, fraud would be inferred, and to rebut it proof must be made that it was the voluntary act of the party himself, unmoved by the words or conduct of the party taking the benefit under it." *Causey v. Wiley, Banks & Co.,* 27 Ga. 444, 452. "Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." *Code* § 37-706. "Any relations shall be deemed confidential, arising from nature or created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another; or where, from similar relation of mutual confidence, the law requires the utmost good faith; such as partners, principal and agent, etc." *Code* § 37-707. "Whenever the circumstances are such that the person taking the legal estate, either from fraud or otherwise, cannot enjoy the beneficial interest without violating some established principle of equity, the court will declare him a trustee for the person beneficially entitled, if such person shall not have waived his right by subsequent ratification or long acquiescence." *Code* § 108-107.

Application of the above principles of law to the facts of this case indicates that the verdict of the jury is supported by the evidence. It follows that it was not error to deny the motion of the appellees for a judgment notwithstanding the verdict.

*Judgment affirmed with direction. All the Justices concur.*