28100. WILLIAMS et al. v. BULLOCK.

ARGUED SEPTEMBER 10, 1973 — DECIDED OCTOBER 4, 1973.

*Kirbo & Kirbo, Ben Kirbo,* for appellants.
*Conger & Conger, J. Willis Conger,* for appellee.

MOBLEY, Chief Justice. Linda Kay Bullock Williams and Carolyn Bullock Collins brought a complaint against Roy J. Bullock, demanding judgment decreeing ownership in them of an undivided one-half interest in described land, and rentals therefrom. It was alleged that: The land was the property of James Bruce Bullock. By his will he devised a life estate in this land to his widow, with remainder to his two sons, Roy J. Bullock and John A. Bullock. John A. Bullock was the plaintiffs' father. He predeceased the life tenant, and under the will the plaintiffs are substituted remaindermen in the place of their father. The other remainderman, Roy J. Bullock, refuses to admit them in possession of the land, and to pay them one-half of the rentals therefrom.

In his answer Roy J. Bullock alleged that Bertha Lee M. Bullock, the widow of James Bruce Bullock, deeded the property to him for a good and valuable consideration, and that she had the right to convey the land under the terms of the will of James Bruce Bullock. The two deeds by which Bertha Lee M. Bullock conveyed the land to Roy J. Bullock showed the consideration as "$1.00 and love and affection."

The trial judge granted the motion for summary judgment of the defendant, holding that the widow of James Bruce Bullock had the power under his will to dispose of the land by sale or gift. The appeal is from this judgment.

Item 3 of the will provided: "I will, bequeath, and devise all my property both real and personal of whatever kind and nature, and wherever situated, to my beloved wife Bertha Lee M. Bullock, for her natural life to be hers to use, occupy, rent, sell or to handle as she deems proper and whatever portion that she still has at the

time of her death to become the property of my two sons, namely Roy J. Bullock and John A. Bullock, share and share alike should they be in life at the time of her death, if either or both of said sons should not survive her in life then to become the property of their descendants in their legal status."

Item 4 provided: "I hereby make and appoint my said wife Bertha Lee M. Bullock executrix of this will, and I hereby relieve her from making any inventory of my said property or appraisement thereof, or from giving any bond and she is not required to make any returns of her acts and doings with regard to her management of my property to any court of jurisdiction whatsoever, she is only required to probate this will and take over all of my said property absolutely and in fee simple."

The appellants rely on cases based on the principle that: "A power and the mode of its exercise, when the latter has the effect of cutting out remaindermen, must be strictly construed." *Cochran v. Groover,* 156 Ga. 323, 339 (118 SE 865); *Taylor v. Phillips,* 147 Ga. 761 (95 SE 289); *Hix v. Hix,* 223 Ga. 50 (153 SE2d 440). This is a valid principle in construing wills. However, where the language of a will creates a life estate, but clearly and unmistakably gives the life tenant an absolute power of disposal, the life tenant may convey the property devised by deed of sale or gift. *Townsley v. Townsley,* 209 Ga. 323 (72 SE2d 289); *Williams v. Jones,* 219 Ga. 45 (131 SE2d 553).

In the will under consideration here the testator gave all of his property to his wife for life "to use, occupy, rent, sell or to handle as she deems proper." He then created a remainder interest in "whatever portion that she still has at the time of her death." This language, undoubtedly, gave her the right to sell the property in any manner she desired. There are no words limiting her right to dispose of it only if she needed it for maintenance. The last item of the will authorized her to "take over all of my said property absolutely and in fee simple." This latter provision, if inconsistent with the provision creating the remainder estate, would prevail. Code § 113-407. Construing both provisions together, it is apparent that it was the intention of the testator to give his wife an absolute right of disposal of the property by sale or gift.

The trial judge did not err in holding that the widow of James Bruce Bullock had the power to execute the deeds to the appellee conveying the property claimed by the appellants. In this view of the case, there is no factual dispute between the parties which would require a trial by a jury, and it was proper to grant summary

judgment to the appellee.
*Judgment affirmed. All the Justices concur.*