## 28858. PITTARD et al. v. PITTARD et al.

GUNTER, Justice.

This is an appeal from a judgment construing a will. The trial court held that the property of the testator that was vested as a life estate in two of the testator's daughters could be sold for their maintenance and support. The appellants are remaindermen seeking reversal. We affirm the judgment below.

The testator's will was probated in 1924. Item Two of the will provided that the testator's widow would have a life estate in his property with the power to "use or dispose of in any way she may see fit, if it becomes necessary for her maintenance or support." It gave her the further power "to sell any or all of the property so bequeathed for reinvestment." The widow died in 1933 without having disposed of the property.

Item Three of the will provided: "I direct that after due decease of my beloved wife, that in case any of my daughters shall be unmarried they shall succeed to the estate possessed by my beloved wife, and occupy the same so long as they or any one of them may remain single or in life." Item Four provided: "I direct that when the

provisions contained in Item Three shall have been carried out, whatever property may remain, the same to be sold and divided equally between my legal heirs."

Appellees are two unmarried daughters of the testator, and they brought an action, naming all remaindermen as defendants, for a construction of the will that would permit the property to be sold for their maintenance and support.

The appellants argue here that the powers of disposal granted to the first life tenant, the widow, in Item Two were personal to her, and that the will did not grant such power to the succeeding life tenants. We do not deem it necessary to determine whether powers granted to a first life tenant continue to be effective in a second life tenant when the will itself says that the second life tenant "shall succeed to the estate possessed" by the first life tenant. We have reached this conclusion because the instant will, considered in its entirety, granted a power of disposal for maintenance and support of the second life tenant. Item Four provided that at the conclusion of the second life tenancy, "whatever property may remain" was to be sold and divided equally among the testator's heirs-at-law. We think this language in Item Four was authorization for encroachment upon the corpus for the maintenance and support of the second life tenant or tenants.

In *Pickett v. First National Bank,* 223 Ga. 507 (156 SE2d 438) (1967), this court held that the will in that case, considered in its entirety, showed no intention on the part of the testator to permit encroachment. We think that a mere reading of the language contained in Items Three and Four of the will in the instant case distinguishes it from the will construed in *Pickett.* We hold that the testator in this case authorized his executors to encroach upon the corpus for the maintenance and support of the successor life tenants.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 3, 1974 — DECIDED SEPTEMBER 3, 1974 —
REHEARING DENIED SEPTEMBER 17, 1974.

*Albert A. Roberts, H. P. Arnall,* for appellants.
*Webb, Fowler & Tanner,* for appellees.