## 43931. MORRIS v. STILLWELL.

(354 SE2d 133)

CLARKE, Presiding Justice.

Morris brought this action for specific performance to enforce a real estate contract he entered into with John Stillwell in 1983. John Stillwell was the executor and life tenant under the will of his deceased wife, Johnnie Stillwell, and it was in that capacity that he entered into the contract to sell the land in question. Stephen Weyl, the son of Johnnie Stillwell from a former marriage, intervened in the specific performance suit to oppose the consummation of the sale. The trial court granted summary judgment to Weyl, and now Mr. Morris appeals. We reverse.

John and Johnnie Stillwell were married and each owned an undivided one-half interest in the home. An adjoining tract of approximately eight acres was titled solely in the name of Johnnie Stillwell.

Johnnie Stillwell's will provided that her husband would have a life estate in her one-half interest in the home and in the adjoining eight acres with the remainder in fee to her son Stephen Weyl. The will further provides that her husband as life tenant "shall also have the power to sell such homeplace and adjoining realty, at his sole discretion, and the proceeds for my 50% shall be turned over to my son, Steve Weyl."

Johnnie Stillwell died and her husband John remarried. John then entered into this real estate contract to sell the homeplace and adjoining land to Mr. Morris pursuant to the discretion given him under the will.

Stephen Weyl filed a declaratory judgment action in Gwinnett County against John Stillwell seeking a ruling that the will did not give him the power to sell the real estate. John Stillwell died prior to the closing on the contract, and prior to the resolution of the declaratory judgment action.

Morris then filed this specific performance action against the executrix under John Stillwell's will, Jane Stillwell. Weyl intervened

without objection by either party, seeking to set the contract aside in this action. The Gwinnett County action was apparently abandoned. Morris and Weyl filed cross-motions for summary judgment and the trial court granted judgment to Weyl. On appeal, the executrix states that she has no interest in the outcome other than resolution of the issues.

Morris contends that under the will of Johnnie Stillwell, John Stillwell personally was given a life estate and the discretion to sell all of the realty involved. He further contends that once this conclusion is made, Weyl has no further standing to challenge the legal sufficiency of the contract. Morris also takes the position that if the contract is examined, all of the essential terms are clear and the court erred in failing to enforce the contract. Weyl contends that Morris has waived any objection to his standing by allowing him to intervene. He further contends that the contract for the sale of the realty is too vague and uncertain for a court of equity to enforce.

The record reflects that although Morris allowed Weyl to intervene as a named party, the issue of his standing to challenge the enforceability of the contract based upon allegedly vague terms in the contract was raised in the trial court in the summary judgment motion. Consequently we find that issue is properly before this court on appeal. We hold that while Weyl could challenge the authority of the seller to sell under his mother's will, he is a stranger to the contract and cannot challenge the specific performance on the basis of the terms of the contract.

It is undisputed that John Stillwell had a one-half interest in the homeplace and by will acquired a life estate in the other one-half as well as a life estate in the adjoining land which was titled in his wife. The terms of the will give John Stillwell personally the power to sell all of the land "at his *sole* discretion." (Emphasis supplied.) This power to sell is to be interpreted as the power to sell the entire fee. See OCGA § 53-13-72. The will then provides for payment to Mr. Weyl.

The record shows that the land was on the market for some time and that the contract price was fair and reasonable when the contract with Mr. Morris was made. It is true that a remainderman has standing to contest the acts of the life tenant and that a life tenant owes certain duties to the remainderman as contended by Mr. Weyl. *Bienvenu v. First Nat. Bank of Atlanta*, 193 Ga. 101 (17 SE2d 257) (1941); *Perkins v. First Nat. Bank of Atlanta*, 221 Ga. 82 (143 SE2d 474) (1965). However, under the circumstances of this case the terms of the will gave the life tenant the power to sell and the evidence is that in exercising that power a reasonable price was obtained. Any delay in completing the transaction to the detriment of the remainderman was caused by the remainderman himself. He has no standing

to object to the terms of a contract which has been proven to be equitable as to the remainder interest. Because Weyl is not a party to the contract and the parties to the contract are willing to proceed with closing, the summary judgment granted to Weyl must be overruled.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 8, 1987.

*Allman & Lanner, David E. Allman,* for appellant.

*King & Spalding, Henry L. Bowden, Jr., Gibson Dean II,* for appellee.