## S94A0972. SHIELDS et al. v. SHIELDS et al.
(448 SE2d 436)

HUNSTEIN, Justice.

This appeal from the grant of summary judgment to appellees, R.

M. Shields, Lois Shields and Esther Shields, involves the construction of a will made by Esther's husband, John W. Shields. In "Item 3" of the will, he bequeathed

> all of my property, both real and personal, to my beloved wife Esther A. Shields of whatever kind or where located, for her use and benefit for and during her natural life or as long as she remains a widow. She furthermore has the right to do anything in reference thereto, that she may deem proper, without order of court and without the consent of, control or interference with her by any other person. Subject to the obligation upon her to pay the taxes, and preserve the property in such a way as she may deem best and proper, without any liability to any other person, for waste or mismanagement.

"Item 4" of the will provided that upon the death of Esther Shields or upon her remarriage,

> all of my property, both real and personal, not disposed of by my said wife, and not used by her under the provision of Item 3 of this will, be sold by my executors . . . and the proceeds of the same divided equally among my children to-wit, Ruth, Vaughn, Lewis, Ralph and Frank.[1]

Following the testator's death in 1978, Esther lived on the property, a farm of approximately 100 acres, until 1984 when she went to live with appellees, her son, R. M. Shields, and his wife, Lois, on separate property. R. M. and Lois cared for Esther until her death in 1989. On October 27, 1986, in consideration of their love, affection and care, Esther conveyed the subject property to R. M. and Lois Shields in fee simple.

Seeking a declaration that their mother's deed to R. M. and Lois conveyed only her life estate, appellants contend that the language of their father's will is too ambiguous to be construed as having conferred upon their mother the power to convey the fee interest in the property and that the trial court therefore erred in its grant of summary judgment to appellees. We disagree.

---

[1] The record in this case includes appellants' memorandum of law in support of their motion for summary judgment. That memorandum states that Esther and John Shields' children "were Ruth [Shields] Pinion, (now deceased), the plaintiffs and defendant R. M. Shields." The memorandum further states that Esther Shields died in 1989 and that "[p]laintiffs John [Lewis] Shields and Frank Shields have also passed away since the filing of this litigation." However, the record does not contain any motions to substitute the estates of any of the deceased individuals as parties to this action. Thus it appears that L. Vaughn Shields is the sole remaining appellant and that R. M. (Ralph) and Lois Shields are the remaining appellees.

It is the general rule of law in Georgia that where an estate is expressly given for life with an added power of disposal, that power, although it may be absolute, does not enlarge the life estate to a fee. *Osborn v. Morrison*, 219 Ga. 169 (132 SE2d 58) (1963); *Bienvenu v. First Nat. Bank*, 193 Ga. 101 (1) (17 SE2d 257) (1941).[2] However, the power to sell, encumber or otherwise dispose of the property will be construed as authorizing an inter vivos conveyance of the fee by the life tenant, notwithstanding that the remaindermen are deprived of their interest. OCGA § 53-12-258; *Morris v. Stillwell*, 257 Ga. 3 (354 SE2d 133) (1987); *Williams v. Bullock*, 231 Ga. 179 (200 SE2d 753) (1973). When this occurs, the "power and the mode of its exercise, when the latter has the effect of cutting out the remaindermen, must be strictly construed. [Cit.]" *Cochran v. Groover*, 156 Ga. 323, 339 (118 SE 865) (1923). To do so, it is necessary not only to ascertain the intent of the testator, but to examine the circumstances surrounding the testator. *Osborn v. Morrison*, supra.

John Shields left his wife a life estate in the farm with the right to do "anything in reference thereto that she may deem proper." No specific powers are enumerated; her power to act with regard to the property is wholly unqualified. Cf. *Hix v. Hix*, 223 Ga. 50 (153 SE2d 440) (1967) (power in life tenant to sell "in the event it shall become necessary" held too ambiguous to be construed as authorizing conveyance of fee); *Osborn*, supra (power in life tenant to sell if she needed funds for her support construed as conditional power to sell and not authorizing conveyance of fee for less than fair market value). The requirement that Esther Shields pay the taxes and preserve the property in whatever way she deems proper does not effect a limitation on her power of disposal, but only places the requirement on *her*. *Townsley v. Townsley*, 209 Ga. 323, 325 (72 SE2d 289) (1952). Moreover, Item 4 directs only that whatever property that Esther had neither disposed of nor "used" under Item 3, be sold and the proceeds distributed to the remaindermen children of the testator. Reading Items 3 and 4 together, and considering this simple will as a whole, "it is difficult to conceive of language that would express a more clear intent to give a wife during her lifetime complete control and power of disposal of the property devised under the terms of the will than that here used by the testator." *Townsley v. Townsley*, supra at 325.

Accordingly, we find no error on the part of the trial court in its grant of summary judgment to appellees.

*Judgment affirmed. All the Justices concur, except Hunt, C. J.,*

---

[2] Thus, the life tenant may not convey the property by testamentary devise, nor may the life tenant commit other acts, e.g., waste, to the detriment of the interest of the remaindermen, the relationship between the life tenant and the remaindermen being regarded as a fiduciary one, "frequently termed an implied or quasi trusteeship." *Bienvenu*, supra at 106.

*and Sears-Collins, J., who dissent.*

HUNT, Chief Justice, dissenting.

Because neither *Townsley v. Townsley*, 209 Ga. 323 (72 SE2d 289) (1952) nor any other reported case supports the majority's holding that the life tenant had complete power to sell the property in this case, I must respectfully dissent.

*Townsley* involved, as have any number of Georgia cases, a situation in which the testator specifically gave the life tenant the right to sell the property that comprised the life estate. The will of John Shields, however, does not contain specific language granting such a power of sale, and no Georgia case, where such specific language is not included, has permitted the sale of the life estate. My review of the cases, including all those cited by the majority, reveals that this court has found that a life tenant has an unqualified power to sell the property only where the testamentary instrument has expressly granted the right to sell and no limitations have been placed on that power of sale. See *Pittard v. Pittard*, 232 Ga. 731 (208 SE2d 788) (1974); *Pickett v. First Nat. Bank*, 223 Ga. 507 (156 SE2d 438) (1967); *Parker v. Spurlin*, 227 Ga. 183 (179 SE2d 251) (1971); *Cousins v. Brackett*, 220 Ga. 396 (139 SE2d 329) (1964); *Williams v. Jones*, 219 Ga. 45 (131 SE2d 553) (1963); *Belt v. Gay*, 142 Ga. 366 (82 SE 1071) (1914); *Broach v. Kitchens*, 23 Ga. 515 (1857); and all cases cited in the majority opinion. This difference in the language that circumscribes the life tenant's authority over the life estate is significant. It is particularly meaningful since the ability to dispose of a life estate is generally inconsistent with the interests of those who would take the remainder. The better rule — the rule we should stay with — is that a life tenant holds the power to sell the property comprising the life estate *only* when such a power of sale has been expressly granted by the testator. Neither the parties, the courts, nor the practicing bar should be left to infer the power to sell from words that may or may not permit such an inference.

I am authorized to state that Justice Sears-Collins joins in this dissent.

DECIDED SEPTEMBER 26, 1994 —
RECONSIDERATION DENIED OCTOBER 27, 1994.

*Todd M. Johnson,* for appellants.
*Edward F. Hurley,* for appellees.