## S98A0350. CANNON v. BANGS.
### (502 SE2d 224)

HINES, Justice.

Sharon Bangs Cannon appeals the superior court's reversal of rulings by the probate court directing Cannon's mother, Marjorie Laing Bangs, as executrix of the estate of her late husband, James E. Bangs, to present a settlement of accounts under former OCGA § 53-7-163 and to post bond in the amount of $250,000 pursuant to former OCGA § 53-7-32.[1] Cannon had petitioned the probate court for an accounting,[2] bond, and the setting aside of the letters of dismissal of her mother as executrix under the will[3] after her mother, in her capacity as executrix, transferred certain real estate and equipment to Cannon's two brothers.[4] Cannon maintained, inter alia, mismanagement of the estate and that the transfers were fraudulently or mistakenly made for less than fair market value. The superior court determined that the terms of the will relieved Marjorie Bangs from making an accounting or posting bond. We disagree. The probate court was within its authority to order the settlement of accounts and the bond.

James E. Bangs died on December 28, 1992, leaving a Last Will and Testament dated February 21, 1991. The will named his wife Marjorie Bangs as executrix. Item II of the will provided:

> All the rest, remainder and residue of my property, of every kind and description and wherever located, I give, devise and bequeath to my wife, MARJORIE LAING BANGS, upon the uses hereinafter set out.
> (a) MARJORIE LAING BANGS shall have all the income or

---

[1] Comparable provisions in the Revised Probate Code, effective January 1, 1998, appear in OCGA §§ 53-7-62 and 53-6-53.

[2] Cannon asked for an accounting under former OCGA § 53-7-163 as well as other relief the court deemed equitable.

[3] The superior court affirmed an order by the probate court setting aside the letters of dismissal issued to Marjorie Laing Bangs, but this ruling is not at issue in this appeal.

[4] At the time of death, James E. Bangs was survived by two daughters and two sons.

principal from my property at her sole discretion during her lifetime.

(b) MARJORIE LAING BANGS shall have the power to sell, encumber, use or do any act in regards to my property, both personal and real, as I have had during my lifetime,

(c) Upon the death of my wife, MARJORIE LAING BANGS, the remainder of my property not disposed of under the terms of this Will, shall be distributed equally to my children, KENNETH GREGORY BANGS, CANDYCE BANGS, SHARON BANGS CANNON, and ROGER EDWIN BANGS, if each is in life, otherwise to their descendants, per stirpes.

Item IV of the will further provided:

(6) The Executrix shall not be required to file any inventory or appraisal or any annual or other returns or reports to court or to give bond.

The superior court cited the express language in Item IV exempting Marjorie Bangs, as executrix, from certain reporting obligations or the giving of bond. However, while a testator may by will dispense with any necessity for the executor to make inventory or returns provided that there is no injury to creditors or third persons, such a will provision does not render the executor unaccountable in court in a proceeding by a party with the right to seek an accounting and settlement. *Chapalas v. Papachristos*, 185 Ga. 544 (195 SE 737) (1938). The question then is whether Cannon had standing to so petition the probate court.

A construction of the will shows that in Item II, James Bangs gave his wife an estate for life in all of his property, both real and personal, with his named children, including Cannon, as remaindermen. Thus, Cannon has an interest in the estate as a named distributee of the remainder.[5] Marjorie Bangs urges that regardless of Cannon's standing, an accounting or posting of bond is not appropriate because the will gave her unbridled authority to dispose of the estate property. But such reasoning is flawed and led the superior court to its erroneous conclusions.

Marjorie Bangs is accountable in dual capacities, as executrix and as holder of the life estate. The extent of her authority as the life tenant is not dispositive on the question of her accountability as executrix of the estate, which is at issue here. See *Ringer v. Lockhart*, 240

---

[5] Former OCGA § 53-7-163 (a) addressed "[a]ny person interested as distributee or legatee. . . ." Former OCGA § 53-7-32 contemplated bond "upon the representation of any person in interest. . . ."

Ga. 82 (239 SE2d 349) (1977), which discusses the duties of an executor or administrator. Even if it was, her authority under the will as holder of the life estate does not insulate her from a court-ordered accounting.

It is true that the will provision conferring on Marjorie Bangs the express power to sell, encumber, use, or do any act with regard to the property that the testator had during his lifetime is unqualified, and such a power authorizes an inter vivos conveyance of the fee by the life tenant even if it deprives the remaindermen of their interest. *Shields v. Shields*, 264 Ga. 559 (448 SE2d 436) (1994); *Morris v. Stillwell*, 257 Ga. 3 (354 SE2d 133) (1987); *Mayo v. Harrison*, 134 Ga. 737 (68 SE 497) (1910). See also OCGA § 53-12-258. However, even if an estate is expressly given for life with an added power of disposal deemed to be absolute, that power does not enlarge the life estate to a fee. *Shields*, supra at 561; *Osborn v. Morrison*, 219 Ga. 169 (132 SE2d 58) (1963); *Bienvenu v. First Nat. Bank*, 193 Ga. 101, 104 (1) (17 SE2d 257) (1941). See also *Caldwell v. Walraven*, 268 Ga. 444 (490 SE2d 384) (1997). This is so because a power is merely authority and not itself property. *Bienvenu*, supra at 107 (2). Consequently, "the life tenant may not convey the [estate] property by testamentary devise, nor may the life tenant commit other acts, e.g., waste, to the detriment of the interest of the remaindermen, the relationship between the life tenant and the remaindermen being regarded as a fiduciary one, 'frequently termed an implied or quasi trusteeship.'" *Shields*, supra at 561, n. 2, citing *Bienvenu*, supra at 106. See also *Marshall v. Marshall*, 268 Ga. 687 (492 SE2d 188 ) (1997).

Thus, Marjorie Bangs' broad power of disposal as life tenant is not determinative of her liability for accounting of the estate in her capacity as executrix, in the face of Cannon's claims of fraud and mismanagement.[6] Accordingly, the superior court's determinations to reverse the probate court's orders for the executrix to present a settlement of accounts and to post bond cannot stand.

*Judgments reversed. All the Justices concur.*

DECIDED JULY 13, 1998 —
RECONSIDERATION DENIED JULY 31, 1998.

*Ralph L. Phillips,* for appellant.
*Collier & Gamble, Wilbur T. Gamble III,* for appellee.

---

[6] We make no determinations on the merits of Cannon's claims of Marjorie Bangs' conduct as executrix with regard to the estate.